112 N.J. Super. 156 (1970)
270 A.2d 642
STEPHEN L. YATES AND PRISCILLA YATES, LEO FLYNN AND BARBARA FLYNN, ARTHUR BLOM AND JANET BLOM, MICHAEL LIVAK AND JOSEPHINE LIVAK, THORLIEF CHRISTENSEN AND MARION CHRISTENSEN, ANDREW CLIFFER AND JOAN CLIFFER AND PAUL MARTIAN AND KATHERINE MARTIAN, PLAINTIFFS,
v.
BOARD OF ADJUSTMENT OF THE TOWNSHIP OF FRANKLIN, MAYOR AND COUNCIL OF THE TOWNSHIP OF FRANKLIN AND SOMERSET VOLUNTARY FIRE COMPANY NO. 1, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided August 18, 1970.
*157 Mr. Clifford F. Griggs, for plaintiffs (Messrs. Mayo and Griggs, attorneys).
Mr. Herbert J. Silver, for defendant Board of Adjustment of Franklin Township.
Mr. Stanley Cutler, for defendant Mayor and Council of Franklin Township (Messrs. Rosenhouse, Cutler and Zuckerman, attorneys).
Mr. Joseph Fisch, for defendant Somerset Voluntary Fire Company No. 1.
MEREDITH, J.C.C. (temporarily assigned).
Plaintiffs seek a declaratory judgment that the action taken on behalf of the Township of Franklin in declaring that a voluntary fire company is a permitted use within the R-20 Residential zone of Franklin Township was illegal, void and of no effect.
In July of 1969, the defendant Somerset Voluntary Fire Company No. 1 (hereinafter referred to as Somerset) applied for a zoning and building permit to construct a two-story fire house on Lot 1 in Block 444 on Hollywood Avenue in the Township of Franklin. This lot was zoned as R-20 Residential. The zoning officer of Franklin Township denied the application by letter dated July 17, 1969, on the grounds that such a building was not a permitted use within the *158 R-20 Residential zone. Thereafter, on August 22, 1969, the defendant Somerset applied to the defendant Board of Adjustment of Franklin Township for a variance. On October 2, 1969, a public hearing was held before the defendant Board of Adjustment on the variance application.
On October 16, 1969, the defendant Board of Adjustment adopted a resolution recommending the aforesaid variance. The matter was then sent to the defendant Mayor and Council of Franklin Township for their final determination.
By letter addressed to the defendant Mayor and Council dated November 13, 1969, the Township Attorney expressed his opinion that the location of a voluntary fire company within an R-20 Residential zone was a permitted use. As a result, the defendant Mayor and Council refused to act on the recommendation of the defendant Board of Adjustment and took the position that the variance was unnecessary since the voluntary fire company qualified as a permitted use.
The plaintiffs, property owners within two hundred feet of the proposed structure, have brought this action to determine the validity of that decision under N.J.S.A. 40:55-30.
The applicable section of the Franklin Township Zoning Ordinance is Section IX, Paragraph 1, which provides that in an R-20 Residential zone, permitted uses include
* * * municipal parks, playgrounds and other buildings and uses as are deemed appropriate and necessary by the governing body.
A study of the New Jersey case law fails to disclose whether a voluntary fire company qualifies as a "municipal use."
The basic problem which now confronts this Court is one of interpretation and construction of the above quoted ordinance. Generally, questions of interpretation and construction of municipal ordinances are to be liberally construed in favor of the municipal authority. N.J. Const., Art. IV, § VII, par. 11. See also Savonick v. Lawrence Tp., 91 N.J. Super. 288, 294 (Law Div. 1966).
*159 It is elementary that there is a definite need for fire protection in every municipality within this State. It cannot be questioned that a fire department performs a necessary and essential function. Its benefits redound to all members of the community. Municipalities which are in a position to afford a full-time fire department have been specifically authorized to establish the same by statute. N.J.S.A. 40:149-4 to 9.
However, it is conceded that there still exists a substantial number of rural communities which are unable to bear the financial burden of a full-time fire department. For this reason, civic-minded members of the community often band together to provide fire protection. In realization of this dilemma, the New Jersey Legislature has promulgated rules and regulations for the formation and control of such voluntary fire departments. N.J.S.A. 40:149-10 et seq.
Were Franklin Township in a position to afford a full-time fire department, there would be no question that this service would be considered a "municipal use." In light of this fact and of the type of services performed by a voluntary fire company, it is the opinion of this court that the terms "municipal use" should be construed as to include voluntary fire departments.
Plaintiffs further contend that the municipal authorities have failed to consider other possible sites for this fire house. This court does not agree. The record indicates that other sites were considered and therefore this court will not overturn that decision.
Judgment is hereby rendered for the defendants for the above-mentioned reasons.