24276

CHARLESTON COUNTY PARKS AND RECREATION COMMISSION,
Appellant v. David SOMERS, Gaby Porter, Jack Johnston, Joan Warden
and John Allenbeck, constituting the membership of and in their official
capacities as The Zoning Board of Adjustments and Appeals of the City
of Isle of Palms, Respondents.

(459 S.E. (2d) 841)

Supreme Court

*Frances I. Cantwell* and *William B. Regan, Regan and Cantwell,* Charleston, *for appellant.*

*William W. Dreyfoos* and *Katrina L. Patton,* Charleston, *for respondents.*

Heard Apr. 18, 1995.

Decided July 17, 1995.

CHANDLER, Acting Associate Justice:

In this zoning case, Appellant Charleston County Parks and Recreation Commission (PRC) appeals the Order of the Circuit Court which affirmed the decision of Respondent Zoning Board of Adjustments and Appeals of the City of Isle of Palms (Board). We reverse.

## FACTS

PRC applied to the Isle of Palms Building Official for a permit to construct a public park in the downtown city area. The property in question is bounded by businesses, residential development, and the beach. The proposed park includes playgrounds, a picnic area, a jogging path, lagoons, a parking area, and beach access.

The Building Official denied the permit, citing as his reason that a park is not a permitted use under the relevant section of the Isle of Palms zoning ordinance. Isle of Palms, Code § 5-4-26 (Supp. 1989). The zoning district in which PRC proposes to build the park is "GC-1" (General Commercial). One purpose of the GC-1 zoning district is "[t]o encourage the development of an economically healthy business environment." *Id.* Although a park is not listed as a permitted use under GC-1, GC-1 does permit all uses allowed under the "LC" (Limited Commercial) zoning district. A park is not listed as a permitted use under LC either, but LC does permit "municipal

uses." Isle of Palms, Code § 5-4-25 (Supp. 1989). The ordinance does not define a "municipal use."

PRC appealed Building Official's denial of the permit to Board, arguing that a park is a municipal use and is, therefore, a permitted use in a GC-1 zoning district. At the hearings, Board sought to determine City Council's intent in permitting municipal uses. Concluding that Council did not intend a park to be a municipal use, Board voted unanimously to affirm the decision of Building Official. Circuit Court affirmed.

### ISSUE

Is a park a "municipal use" under the City of Isle of Palms' Zoning Ordinance?

### DISCUSSION

This Court will not reverse the Circuit Court's affirmance of the Board unless Board's findings of fact have no evidentiary support or Board commits an error of law. *Historic Charleston Foundation v. Krawcheck*, 313 S.C. 500, 443 S.E. (2d) 401 (Ct. App. 1994); *Fairfield Ocean Ridge, Inc. v. Town of Edisto Beach*, 294 S.C. 475, 366 S.E. (2d) 15 (Ct. App. 1988). Although great deference is accorded the decisions of those charged with interpreting and applying local zoning ordinances, *Krawcheck, supra,* "a broader and more independent review is permitted when the issue concerns the construction of an ordinance." *Sea Island Scenic Parkway Coalition v. Beaufort County Bd. of Adjustments and Appeals,* 316 S.C. 231, 233, 449 S.E. (2d) 254, 256 (Ct. App. 1994).

Board contends that its determination of Council's intent was a finding of fact which is binding on this Court unless there is no evidence to support it. We disagree. The determination of legislative intent is a matter of law. 73 Am. Jur. (2d) *Statutes* § 142 (1974); *Sea Island Scenic Parkway, supra.* Board's determination that a park is not a municipal use under the Isle of Palms zoning ordinance is, therefore, reviewable. *See Townes Assoc. Ltd. v. City of Greenville,* 266 S.C. 81, 221 S.E. (2d) 773 (1976).

It is well settled that when interpreting an ordinance, legislative intent must prevail if it can be reasonably discovered in the language used. *Fairfield Ocean*

*Ridge, supra.* An ordinance must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers. *Spartanburg Co. D.S.S. v. Little,* 309 S.C. 122, 420 S.E. (2d) 499 (1992). In construing ordinances, the terms used must be taken in their ordinary and popular meaning. *Citizens for Lee County v. Lee County,* 308 S.C. 23, 416 S.E. (2d) 641 (1992).

■ PRC argues that the term "municipal use" includes municipal-type uses, such as those generally undertaken by municipalities in the ordinary course of their operations. The construction of parks is one of the operations ordinarily undertaken by municipalities. 56 Am. Jur. (2d) *Municipal Corporations, Etc.* § 202 (1971). Moreover, South Carolina municipalities are statutorily empowered to "engage in the recreation function." S.C. Code Ann. § 5-7-30 (first paragraph) (Supp. 1994).

The determination of what constitutes a municipal use *within a GC-1 zoning district,* however, cannot be made in a vacuum. "The true guide to statutory construction is not the phraseology of an isolated section or provision, but the language of the statute as a whole considered in the light of its manifest purpose." *City of Columbia v. Niagara Fire Ins. Co.,* 249 S.C. 388, 391, 154 S.E. (2d) 674, 676 (1967). Thus, we may not attach to the term "municipal use" an interpretation clearly repugnant to the meaning of the statute as a whole, or destructive of its obvious intent. *See Id.*

Here, we are guided by Council's express declaration of the purpose of a GC-1 zoning district: to foster an "economically healthy business environment." *See Spartanburg Co. D.S.S., supra.* To be permitted within a GC-1 zoning district, therefore, the proposed municipal use must not be repugnant to that purpose.

The ordinance lists those uses which are specifically permitted within a GC-1 zoning district, uses which the Council apparently considered would "encourage the development of an economically healthy business environment." Included in the listing are hotels, video arcades, restaurants, bars, preschools, package liquor stores, churches, nursing homes, and social halls. In light of these specifically permitted uses, we hold that the park which PRC seeks to construct is a municipal use which would not be repugnant to "an economically

healthy business environment." *See City of Columbia, supra.*

Board argues that even if a park were held to be a municipal use, the Isle of Palms would be the only entity that could construct a park on the property. We disagree.

That PRC is an entity other than and separate from the City of Isle of Palms is not dispositive. In *Baker v. Town of Sullivan's Island,* 279 S.C. 581, 310 S.E. (2d) 433 (Ct. App. 1983), the Court of Appeals held that the conversion of apartments to condominiums was a change in ownership, not use, and therefore was not subject to the applicable zoning ordinance.

Likewise, the question of whether a park is a municipal use does not depend upon which entity owns the property.. The ordinance at issue applies to uses of the property regardless of whether it is owned by Isle of Palms or PRC.[1]

The Order of the Circuit Court is reversed. The remaining issue raised by PRC need not be addressed.

Reversed.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.

---

[1] *See Yates v. Board of Adjustment of Franklin,* 112 N.J. Super. 156, 270 A. (2d) 642 (1970) (holding that a volunteer fire department qualified as a "municipal use" despite the fact that the fire department-landowner was not the municipality).