24416

SEA ISLAND SCENIC PARKWAY COALITION, Beaufort Montessori School, The South Carolina Coastal Conservation League, Inc., Peters' Boatyard, Frederick J. Peters, Jr., and Linda Peters, Respondents v. BEAUFORT COUNTY BOARD OF ADJUSTMENTS AND APPEALS and Branch Development, Inc., Petitioners.

(471 S.E. (2d) 142)

Supreme Court

*William B. Harvey, III,* of *Harvey & Battey, P.A.,* Beaufort, *for petitioner Branch Development.*

*Ladson F. Howell,* of *Howell, Gibson & Hughes, P.A.,* Beaufort, *for petitioner Beaufort County Board of Adjustments and Appeals.*

*Philip R. Fairbanks,* of *Fairbanks & Lindsay, P.A.,* Beaufort, *for respondents.*

Heard Feb. 6, 1996.

Decided Apr. 29, 1996; Reh. Den. June 6, 1996.

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

FINNEY, Chief Justice:

We granted certiorari to review one issue: Whether the Court of Appeals erred in reversing petitioner Board of Adjustments and Appeals' (Board's) decision approving the removal of 47 live oak trees from property owned by petitioner Branch Development. *Sea Island Scenic Parkway Coalition v. Beaufort County Bd of Adjustments and Appeals,* 316 S.C. 231, 449 S.E. (2d) 254 (Ct. App. 1994). After review of the entire record and oral argument, we agree with the reasoning found in part III of Judge Goolsby's dissent, and therefore reverse the Court of Appeals' decision and reinstate the Board's order.

Under the applicable zoning ordinances, live oaks are deemed "endangered or valued trees." Ordinance 5.2.7(B)(5). Removal of these types of trees "will not normally be permitted." Ordinance 5.2.7. Ordinance 6.6, however, provides "The

[Board] may grant, in specified cases, relief from the expressed provisions of this Ordinance, where owing to special conditions, a literal enforcement of the provision would in an individual case, result in unnecessary and unusual hardship    . . ." All parties concede that pursuant to the ordinances, the Board can allow removal of endangered or valued trees.

The Board approved a plan which called for the removal of 47 of the live oaks on the property. The Board also found, however, that the plan would save all but one of the largest oaks on the property, and that less than 24 percent of the bulk of all the live oaks on the property would be destroyed.

We view the issue as one of fact only, that is, whether the decision of the board permitting removal of the trees is "arbitrary and clearly erroneous" in view of the evidence in the record. See, e.g., *Bishop v. Hightower*, 292 S.C. 358, 356 S.E. (2d) 420 (Ct. App. 1987); S.C. Code Ann. § 6-7-790 (1976). The Board's findings of fact are amply supported by the record before it and therefore must be affirmed. Contrary to the view of the majority of the Court of Appeals, we find no issue of law involving construction of the ordinances here. If such an issue were present, however, we would be required to use a broader standard of review. See *Charleston County Parks and Recreation Comm'n v. Somers*, 319 S.C. 65, 459 S.E. (2d) 841 (1995).

The Court of Appeals also found reversible error because the Board's decision was influenced by an error of law. The zoning ordinances define "protected trees" as all disease-free trees having a trunk at least eight inches in diameter, and prohibit approval of a plan which calls for removal of more than 75 percent of these trees. Ordinance 5.2.7(B) and (D). In addition, the ordinance affords special protection to twelve species of trees, including live oaks, regardless of size. These twelve species are deemed "protected or valued trees." Ordinance 5.2.7(B)(1)-(12). According to the Court of Appeals, the Board committed legal error in its conclusion that it was authorized to approve removal of up to 75 percent of all endangered and valued trees. (Emphasis added.) In fact, however, the Board's order finds it can approve removal of not more than 75 percent of protected trees. Ordinance 5.2.7(D). We find the Court of Appeals misconstrued the Board's order and conclude that there is no error of law here.

For the forgoing reasons, the decision of the Court of Appeals is

Reversed.

TOAL, WALLER and BURNETT, JJ., and GEORGE T. GREGORY, JR., Acting Associate Justice, concur.