666 S.E.2d 892

EAGLE CONTAINER CO., LLC, and Jeffrey Spotts,
as Personal Representative of the Estate of
Alfred D. Spotts, Respondents,

v.

COUNTY OF NEWBERRY, a political subdivision, and Susie
Berry, in her capacity as Zoning Administrator of
Newberry County, Petitioners.

No. 26538.

Supreme Court of South Carolina.

Heard May 29, 2008.

Decided Sept. 2, 2008.

George Robert DeLoach, III, of Merritt, Flebotte, Wilson, Webb & Caruso, of Columbia; and Hardwick Stuart, Jr., of Berry Quackenbush & Stuart, of Columbia, for Petitioner.

Thomas H. Pope, III, of Pope and Hudgens, of Newberry, for Respondent.

Robert E. Lyon, Jr., and M. Clifton Scott, of Columbia, for Amicus Curiae South Carolina Association of Counties.

Acting Justice KITTREDGE:

We granted a writ of certiorari to review the court of appeals' opinion in *Eagle Container Co. v. County of Newberry,* 366 S.C. 611, 622 S.E.2d 733 (Ct.App.2005). We are called upon to construe the effect of an amendment to the Newberry County Zoning Ordinance. The Newberry County Council amended the county zoning ordinance on December 11, 2002 by adding a single word—"landfill"—to a list of uses that may be allowed in what is classified as R–2 Rural District. It is undisputed that prior to the amendment, a landfill was permitted in R–2 districts only as a "special exception." The question before us is whether the single-word amendment to the

zoning ordinance effected a change in a landfill from a "special exception" to a "permitted use." We hold the amendment had no effect on the proper use classification of a landfill. A landfill remains a "special exception" in R–2 districts. We reverse the contrary opinion of the court of appeals.

## I.

Eagle Container owns a 328–acre tract of land in Newberry County which is zoned R–2 Rural District. On May 16, 2003, Eagle Container applied for a special exception to construct and operate a landfill on the property. Before this request was acted upon, Eagle Container apparently learned of the amended ordinance. On June 2, 2003, it applied for, and received, a permit to operate the proposed landfill. Two days later, on June 4, 2003, a representative for Newberry County wrote Eagle Container a letter advising the permit had been issued in error and was being revoked. The letter stated, "Pursuant to Newberry County Zoning Ordinance, landfills are permitted only in R–2 [d]istricts as special exceptions, which require approval of the Board of Zoning Appeals after a hearing. Consequently, I am hereby reinstating the Special Exception Application filed on May 16, 2003." [1]

On June 17, 2003, Eagle Container filed suit, contending a landfill was a "permitted use" under the ordinance and, as such, the permit should be reinstated. The parties filed cross motions for summary judgment, each contending there were no genuine issues as to any material fact. The circuit court granted Eagle Container summary judgment, ruling a landfill is a "permitted use" within the meaning of the County's recently amended ordinance. The County appealed, and the court of appeals affirmed. *Eagle Container Co. v. County of Newberry*, 366 S.C. 611, 622 S.E.2d 733 (Ct.App.2005).

## II.

Because we are called upon to construe the meaning of an unambiguous ordinance, our review does not track the

---

1. The record on appeal does not contain the "Special Exception Application filed on May 16, 2003." It is undisputed that the County revoked the permit approval on the basis that a landfill is a "special exception" in the R–2 District.

fact-based summary judgment review path.[2] Issues involving the construction of ordinances are reviewed as a matter of law under a broader standard of review than is applied in reviewing issues of fact. *Sea Island Scenic Parkway Coalition v. Beaufort County Bd. of Adjustments & Appeals*, 321 S.C. 548, 550, 471 S.E.2d 142, 143 (1996). "Although great deference is accorded the decisions of those charged with interpreting and applying local zoning ordinances, 'a broader and more independent review is permitted when the issue concerns the construction of an ordinance.'" *Charleston County Parks & Recreation Comm'n v. Somers*, 319 S.C. 65, 67, 459 S.E.2d 841, 843 (1995) (internal citation omitted) (quoting *Sea Island Scenic Parkway Coalition v. Beaufort County Bd. of Adjustments & Appeals*, 316 S.C. 231, 235, 449 S.E.2d 254, 256 (Ct.App.1994)). "The determination of legislative intent is a matter of law." *Id.*

## III.

We begin our analysis with the procedural history which led to the December 11, 2002 amendment to the Newberry County Zoning Ordinance that is at the center of this dispute. In December 2001, Newberry County adopted Zoning Ordinance No. 12–24–01 to provide a comprehensive plan for land uses and restrictions in Newberry County. Article 3 of the ordinance establishes zoning districts. The various zoning districts were established "for the purposes of guiding development ... and promoting public health, safety, morals, convenience, order, appearance, prosperity, and general welfare...."

Section 301 sets forth a nonexclusive listing of what uses may be allowed in the respective zoning districts. When the ordinance was enacted, R–2 Rural Districts were defined in section 301 as follows:

---

**2.** When reviewing a fact-based grant of summary judgment, an appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP. *Englert, Inc. v. LeafGuard USA, Inc.*, 377 S.C. 129, 659 S.E.2d 496 (2008). Under Rule 56(c), SCRCP, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

R–2 districts require large parcels for uses, allow rural and residential uses, including manufactured homes on individual lots, agricultural and related uses, ranching, recreation and hunting, a variety of government service uses, and limited business uses.

The ordinance provides for three classifications of uses that may be permitted: a "permitted use," a "conditional use," or a "special exception." These terms of art are defined in Article 2 of the zoning ordinance and are applied to the specific uses in Article 5, specifically section 501:

1. *Permitted Uses:* Permitted uses listed in the district use tables in this Division are **permitted** outright.

2. *Conditional Uses:* Conditional uses in the district use tables are **permitted** by the Zoning Administrator without further review upon compliance with the conditions specified in the tables.

3. *Special Exceptions:* Special exceptions are **permitted** after review and approval by the Board of Zoning Appeals upon compliance with the general conditions in the regulations.

(Emphasis added.)

The County amended section 301 on December 11, 2002 by adding "landfill" as a use allowed in R–2 Rural Districts. The amendment reads:

**WHEREAS,** Ordinance No. 12–24–01 permits various uses in R–2 Rural Districts; and

**WHEREAS,** landfills should be allowed in the R–2 Rural Districts.

**NOW, THEREFORE, BE IT ORDAINED AS FOLLOWS:**

Article 3, Section 301 is amended to add text "**landfill**" to the uses permitted in R–2 Rural District. The text is added to the Newberry County Zoning Ordinance.

(Last emphasis added.)

It is undisputed that prior to this amendment a landfill was allowed in R–2 districts only as a "special exception" under section 501. Section 501 sets forth the following conditions for approval of a landfill within R–2 districts by the Board of Zoning Appeals:

(1) Approvals shall be conditioned on the applicant receiving all state and federal approvals;

(2) All uses are a minimum of 1,000 feet from adjoining property lines;

(3) The use would not constitute a safety hazard or a traffic hazard;

(4) The use is not detrimental to adjacent land uses in the vicinity.

When Eagle Container's post-amendment permit application was ultimately treated by the County as an application for a "special exception," Eagle Container filed the underlying action in circuit court seeking declaratory relief and mandamus. Eagle Container successfully argued in the circuit court that the single-word amendment to section 301 changed landfills from a "special exception" to a "permitted use." The court of appeals affirmed, from which we granted a writ of certiorari.

■ The dispositive question is whether the Newberry County Council, in amending section 301, changed landfill from a "special exception" to a "permitted use."

■■ We proceed from the familiar premise that in the area of statutory construction, our role is limited to determining legislative intent and effectuating that intent. "All rules of statutory construction are subservient to the one that legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute." *McClanahan v. Richland County Council*, 350 S.C. 433, 438, 567 S.E.2d 240, 242 (2002).

■ "[W]ords in a statute must be construed in context," and "the meaning of particular terms in a statute may be ascertained by reference to words associated with them in the statute." *S. Mut. Church Ins. Co. v. S.C. Windstorm & Hail Underwriting Ass'n*, 306 S.C. 339, 342, 412 S.E.2d 377, 379 (1991). "The language must also be read in a sense which harmonizes with its subject matter and accords with its general purpose." *Hitachi Data Sys. Corp. v. Leatherman*, 309 S.C. 174, 178, 420 S.E.2d 843, 846 (1992). "If a statute's language is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for

or impose another meaning." *Miller v. Doe*, 312 S.C. 444, 447, 441 S.E.2d 319, 321 (1994).

■ Both the circuit court and the court of appeals construed the phrase "uses permitted" in the descriptive language of the announcement setting forth the amendment as unambiguously reflecting the intent of County Council to change the classification of a landfill in R–2 districts from a "special exception" to a "permitted use." In so ruling, the courts erroneously elevated the significance of this prefatory, non-binding language. In any event, such a construction cannot withstand scrutiny, because reference to an allowed use as a "use permitted" is not the same thing as the term of art "permitted use."[3] In fact, each of the three use classifications (permitted, conditional and special exception) incorporates the term "permitted" by definition. Referring to any allowed use as a "use permitted" sheds no light on the proper classification

---

3. We, too, view the intent of County Council as unambiguous, and when we examine the purpose of Article 3 of the ordinance juxtaposed to Article 5, we conclude that Article 3 is not intended to distinguish the various classifications of uses allowed. As the court of appeals correctly observed, "Article 3 of the Zoning Ordinance establishes zoning districts and lists the general purposes for each zoning district.... Article 5 sets forth the zoning district regulations [and] [s]ection 500 classifies three types of uses for the zoning districts...." *Eagle Container*, 366 S.C. at 617, 622 S.E.2d at 736. A review of the various districts listed in section 301 reveals a collection of uses without regard to classification as permitted, conditional or special exception. The proper use classification of allowed uses is the very function of Article 5, specifically section 501. Moreover, were we to find an ambiguity as a result of the amendment to section 301, the result would not change. It is clear that the County amended the ordinance with full knowledge that a landfill was a "special exception" in R–2 Districts. Prior to the passing of the amended ordinance, the Newberry County Planning/Zoning Director explained:

> This has been a source of confusion for some applicants who were interested in finding out what was permitted in R–2 and where in particular landfills were permitted. We thought it might need to be added as a clarification only. It is not adding the use to the district; the district already has that use as a Special Exception.

Notably, these recorded statements were made at a County Council meeting during a reading of the amended ordinance. In any event, were we to indulge in the fiction that the amendment to section 301 created a conflict within the ordinance, the ordinance itself provides the manifest legislative intent for the resolution of any such conflict. Article 4, section 400, of the ordinance requires "the most restrictive ... standards shall govern" in the event of a conflict among provisions.

of the use. Under the clear and unambiguous approach utilized by the Newberry County Zoning Ordinance, it is section 501, not section 301, that determines whether an allowed use is classified as a "permitted use," "conditional use," or "special exception."

Moreover, neither the circuit court nor the court of appeals was persuaded by County Council's failure to amend section 501 of the ordinance, which lists a landfill as a special exception. In this regard, the court of appeals invoked the principle of "last legislative expression" to confer a landfill as a "permitted use." "Under the 'last legislative expression' rule, where conflicting provisions exists, the last in point of time or order of arrangement, prevails." *Ramsey v. County of McCormick*, 306 S.C. 393, 397, 412 S.E.2d 408, 410 (1991). The last legislative expression rule, however, "is purely an arbitrary rule of construction and is to be resorted to only when there is clearly an irreconcilable conflict, and all other means of interpretation have been exhausted." *Feldman v. S.C. Tax Comm'n*, 203 S.C. 49, 54, 26 S.E.2d 22, 24 (1943). Here, there is no irreconcilable conflict. Because Articles 3 and 5 of the zoning ordinance serve different functions, the amendment at issue here creates no conflict as to the proper use classification of a landfill in a R–2 district.

The court of appeals further held that "the amending ordinance directly contradicts section 501's classification of landfills thereby repealing the classification and obviating the need to consider the existence of the 'special use' requirements." *Eagle Container*, 366 S.C. at 626, 622 S.E.2d at 741. From this finding, the court of appeals held that the amendment to section 301 repealed section 501. *Id.* This was error, for the reasons noted above. Succinctly stated, the addition of the term "landfill" in the listing of allowed uses in section 301 creates no conflict within the ordinance. Article 3 of the zoning ordinance simply does not speak to the proper use classification of allowed uses within the various zoning districts; the proper use classification is the function of Article 5. Given the different purposes served by Articles 3 and 5, the single-word amendment to section 301 may be easily reconciled with the balance of the ordinance, specifically including Article 5 and section 501. *See, e.g., Capco of Summerville, Inc. v. J.H. Gayle Constr. Co.,* 368 S.C. 137, 141–42, 628 S.E.2d 38, 41 (2006) ("Repeal by implication is disfavored, and

is found only when two statutes are incapable of any reasonable reconcilement. Moreover, the repugnancy must be plain, and if the two provisions can be construed so that both can stand, a court shall so construe them." (internal citation omitted)).

## IV.

We readily acknowledge this statutory construction dispute was fostered by the actions of Newberry County, especially the initial granting of Eagle Container's permit application. Nevertheless, well established principles of statutory construction dictate the result we reach today.

In sum, the Article 3, section 301, listing of uses permitted has no bearing on the proper use classification of an allowed use as a "permitted use," a "conditional use," or a "special exception." We hold the mere addition of the word "landfill" to the listing in section 301 of uses permitted did not alter the use classification of a landfill. Use classification is governed by Article 5, and accordingly, a landfill remains a "special exception" use in R–2 districts.

**REVERSED.**

TOAL, C.J., MOORE, PLEICONES and BEATTY, JJ., concur.