693 S.E.2d 21

**SOUTH CAROLINA DEPARTMENT OF REVENUE, Appellant,**

v.

**BLUE MOON OF NEWBERRY, INC., d/b/a Blue Moon Sports Bar, Respondent.**

**No. 4661.**

Court of Appeals of South Carolina.

Submitted Feb. 1, 2010.

Decided March 24, 2010.

Rehearing Denied May 28, 2010.

468

Harry Hancock, of Columbia, for Appellant.

Richard J. Breibart, of Lexington, for Respondent.

CURETON, A.J.

The South Carolina Department of Revenue (Department) sought to revoke the alcoholic beverage license and permit of Blue Moon of Newberry, Inc. (Blue Moon). The Department appeals the Administrative Law Court's (ALC's) order denying the revocation, arguing the ALC incorrectly interpreted a Departmental regulation governing Blue Moon's operation and failed to find facts consistent with the evidence presented at trial. We reverse.

## FACTS

Blue Moon operated a private social club known as the Blue Moon Sports Bar. Denise Polifrone managed the club, which also employed William Lindler and Steve Malone. On September 9, 2006, Quincy Ford (Agent Ford), an agent of the South Carolina State Law Enforcement Division (SLED), attempted to enter the club. Lindler, the doorman, asked whether Agent Ford was a member. Upon learning Agent Ford was not a member, Lindler denied him entry but directed him to a nearby poster that provided a telephone number for non-members to call to get permission to enter the club.

Agent Ford called the telephone number on the poster and spoke with Malone.[1] Malone took down Agent Ford's name and instructed him to approach the doorman again. When Agent Ford sought access to the club again, Lindler recognized his name as approved for entry, checked Agent Ford's identification, and allowed him to enter the club. Once inside, Agent Ford ordered and paid for an alcoholic beverage, consumed a small portion of it, and left.

On the same day, SLED issued a violation report against Blue Moon for permitting Agent Ford, a non-member, to consume liquor in the club. The Department sought to revoke

---

1. Polifrone testified Malone was not only an employee with some managerial authority but also a member of the club. However, Agent Ford and Malone did not know each other before this telephone call.

Blue Moon's alcoholic beverage license and permit as a result of this violation.[2] Blue Moon appealed the Department determination and sought a contested case hearing before the ALC. The ALC denied the revocation, finding Agent Ford was a guest of Malone, a club member. This appeal followed.

## STANDARD OF REVIEW

Our review of an order of the ALC is confined to the record. S.C.Code Ann. § 1–23–610(B) (Supp.2009). This court may reverse or modify a decision of the ALC if that decision prejudices the substantive rights of the petitioner by violating statutory provisions, resting upon an error of law, or exhibiting an abuse of discretion or a "clearly unwarranted exercise of discretion." *Id.* "The construction of a statute by the agency charged with its administration should be accorded great deference and will not be overruled without a compelling reason." *Vulcan Materials Co. v. Greenville County Bd. of Zoning Appeals,* 342 S.C. 480, 496, 536 S.E.2d 892, 900 (Ct.App.2000). Legislatively approved regulations of state agencies have the full force and effect of law. S.C.Code Ann. § 1–23–160 (2005). This court may review questions of statutory construction without deference to the trial court. *Charleston County Parks & Recreation Comm'n v. Somers,* 319 S.C. 65, 67, 459 S.E.2d 841, 843 (1995).

## LAW/ANALYSIS

The Department first contends the ALC erred in interpreting the regulation permitting bona fide guests of members to consume certain alcoholic beverages[3] on the premises of a nonprofit organization. We agree.

The General Assembly is authorized to enact statutes permitting the sale and consumption of alcoholic beverages "on the premises of certain nonprofit organizations with limited

---

**2.** Blue Moon had two prior violations for serving alcoholic beverages to nonmembers in 2004 and 2005.

**3.** The Alcoholic Beverage Control Act, S.C.Code Ann. §§ 61–6–10 to – 4720 (2009), technically defines "alcoholic beverages" to refer primarily to alcoholic liquors and to exclude most wine. *See* S.C.Code Ann. § 61–6–20(1)(a) (2009).

membership not open to the general public." S.C. Const. art. VIII–A. The General Assembly has defined a "nonprofit organization" as "an organization not open to the general public, but with a limited membership and established for social, benevolent, patriotic, recreational, or fraternal purposes." S.C.Code Ann. § 61–6–20(6) (2009).

"Only bona fide members and bona fide guests of members of [nonprofit] organizations may consume alcoholic beverages sold in sealed containers of two ounces or less upon the licensed premises." [4] 23 S.C.Code Ann. Regs. 7–401.4(J) (Supp.2009). A relationship that is "bona fide" is one made "in good faith[,] without fraud or deceit." *Black's Law Dictionary* 168 (7th ed. 1999). Furthermore, a "bona fide guest" is a person "for whom the member has made prior arrangements with the management of the organization." 23 S.C.Code Ann. Regs. 7–401.4(K) (Supp.2009).

 We find the ALC abused its discretion in denying the Department's request to revoke Blue Moon's alcoholic beverage license and permit. Nonprofit organizations are constitutionally prohibited from opening their doors to the general public. S.C. Const. art. VIII–A. Rather, they may serve certain alcoholic beverages only to their members and the bona fide guests of those members. 23 S.C.Code Ann. Regs. 7–401.4(J) (Supp.2009). Here, Blue Moon placed an advertisement outside its door indicating a telephone number to call for admission. After Agent Ford, a stranger who desired admission, called the number and asked to be allowed inside, Blue Moon's employee/member advised the doorman to admit the man. According to the record, "Agent Ford did not know anyone in the club and had no idea [to whom] he spoke . . . on the phone."

Noting the nonbinding effect of a prior decision of an ALC judge, the ALC judge cites as informative the decision of Judge Geathers in *S.C. Dep't of Revenue v. Mir, Inc. d/b/a Alley Gator Sports Bar & Grill,* 04–ALJ–17–0409–CC (S.C.

---

4. "Free-pour" licenses to sell liquor by the drink replaced the familiar "minibottle" licenses. *See* S.C.Code Ann. §§ 61–6–1600(A) & 61–6–1610(A) (2009); *see also* S.C.Code Ann. § 61–6–20(1)(b) (2009) (defining "alcoholic liquor by the drink" as "a drink poured from a container of alcoholic liquor, without regard to the size of the container . . .").

Admin. Law Ct. filed May 31, 2005). In that case, Judge Geathers found no violation of regulation 7–401.4(J) where the non-member agent entered the private club[5] and struck up a conversation with a member, who subsequently signed the agent in as his guest. We note that the focus of Judge Geathers's decision was not whether the member in that case made a "prior arrangement" with management to have the agent admitted as his guest but whether the agent accompanied the member onto the premises. The ALC further cites from Judge Geathers's decision for the proposition that the regulation "does not require that the member and his guest be longstanding friends since childhood or even prior acquaintances of several meetings, but rather only that the member genuinely, sincerely, and without fraud or deceit, intends a person to be his guest at the club, even if he has only just met the person." Judge Geathers concluded there was nothing in the evidence to suggest that the member intended anything other than to register the nonmember agent as his bona fide guest.

██ The ALC concludes "the plain language of the regulation speaks for itself. A prior arrangement, of no definite duration, between management and a member is sufficient to permit a legal admission of a non-member guest." We think the ALC placed undue emphasis on the "prior arrangement" language of the regulation without regard for the context in which it is used. The words of a statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand that statute's operation. The language must be read in a manner which "harmonizes with its subject matter and accords with its general purpose." *See Mun. Ass'n of S.C. v. AT & T Communications of Southern States, Inc.,* 361 S.C. 576, 580, 606 S.E.2d 468, 470 (2004) (internal quotations omitted). The "prior arrangement" language should not be considered in isolation but should be read in conjunction with the purpose of the entire regulation and the policy of the law it addresses. *See State v. Prince,* 335 S.C. 466, 472, 517 S.E.2d 229, 232 (Ct.App.1999). The

---

**5.** Notably, nothing in the law prohibits a non-member of a private club from entering the club's premises; rather, such persons are precluded only from consuming alcoholic beverages sold by the club if they are not bona fide guests.

stated purpose of the regulation is to ensure that only bona fide members of private clubs and their bona fide guests purchase and consume alcoholic beverages at those clubs. To construe the regulation in the manner the ALC did would eviscerate that purpose. We, therefore, see no compelling reason for overruling the Department's construction of regulation 7–401.4. *See Vulcan Materials Co.,* 342 S.C. at 496, 536 S.E.2d at 900.

The Department also argues the ALC erred in finding it offered at the merits hearing no evidence of Agent Ford's consumption of the alcoholic beverage.[6] We find this issue is abandoned on appeal and therefore decline to reach it. *See In re McCracken,* 346 S.C. 87, 92, 551 S.E.2d 235, 238 (2001) (holding an issue is deemed abandoned on appeal if the argument in the brief is not supported by authority or is only conclusory).

## CONCLUSION

We conclude the ALC erred in finding Agent Ford was a bona fide guest entitled to consume alcoholic beverages on Blue Moon's premises. Accordingly, we reverse the ALC's decision and grant the Department's request to revoke Blue Moon's alcoholic beverage license and permit.

REVERSED.

GEATHERS, J., concurs.

PIEPER, J., dissenting.

I would affirm the decision of the ALC. "Bona fide guests" are defined by Reg. 7–401.4(K) as "those who accompany a member onto the premises or for whom the member has made prior arrangements with the management of the organization." The Blue Moon Sports Bar complied with this regulation by allowing guests to call a phone number and speak to a member of management, who was also a member of the Blue Moon Sports Bar, prior to gaining entry into its establishment.

---

**6.** We note the record contains evidence that Agent Ford consumed a portion of the alcoholic beverage. The issue on appeal concerns only the ALC's determination the Department presented no such evidence at the merits hearing.

According to Section 61–2–60 of the South Carolina Code (2009), both the Department of Revenue and the South Carolina Law Enforcement Division have the authority to promulgate such regulations to carry out or implement any designated duties in regard to the issuance of alcohol and liquor licenses. Although courts will typically defer to an agency's interpretation of its regulations, the court will reject such an interpretation where it is contrary to the statute or regulation. *Comm'rs of Pub. Works v. S.C. Dep't of Health & Envtl. Control*, 372 S.C. 351, 359, 641 S.E.2d 763, 767 (Ct.App.2007). The Department promulgated a regulation and this business acted in accordance with that regulation, according to its plain and ordinary meaning. The Department's definition of "bona fide guest" is contrary to the definition plainly listed within the regulations. *See id.* ("[W]here the terms of the statute are clear, the court must apply those terms according to their literal meaning, without resort to subtle or forced construction to limit or expand the statute's operation."). If the Department of Revenue has an issue with how the regulation itself defines "bona fide guest," then it may promulgate a new regulation as appropriate upon proper notice to the public. Until then, other businesses which follow the unambiguous language of the regulation should not be punished as a result. Thus, I respectfully dissent.