THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Morris
 Communications Company, LLC, d/b/a Fairway Outdoor Advertising Division, Respondent,
 
 
 

v.

 
 
 
 The City of
 Greenville, South Carolina, Appellant.
 
 
 

Appeal From Greenville County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2011-UP-384   
 Heard February 16, 2011  Filed August 8,
2011

AFFIRMED

 
 
 
 Ronald W. McKinney, of Greenville, for
 Appellant.
 Reid Sherard and Timothy Madden, both of
 Greenville, for Respondent.
 
 
 

PER CURIAM:  The City of Greenville (the City) appeals the circuit
 court's grant of partial summary judgment in favor of Morris Communications
 Company, LLC, d/b/a Fairway Outdoor Advertising (Fairway), which effectively
 made void the City's ordinance regarding the amortization of billboards.[1] 
 We affirm.
FACTS
In 1993, the City passed a
 billboard amortization ordinance that allowed for amortization of billboards
 without the payment of compensation to the sign owner.  In 1996, the City
 repealed this ordinance.  In early 2005, the South Carolina legislature
 introduced legislation that would prevent local governments from amortizing
 private billboard properties without compensation to the owner.  On May 9, 2005,
 the City enacted the ordinance at issue in this litigation.  The ordinance
 purported to repeal the 1996 ordinance that had repealed the 1993 ordinance,
 thereby reinstating the right of the City to amortize billboards without
 compensation.  The ordinance stated the 1993 ordinance had remained in effect
 from the time of its passage until the passage of the 2005 ordinance.  
The proposed state
 legislation was ratified but vetoed by Governor Mark Sanford.  The veto was
 overridden, and the law became effective on February 22, 2006, as the "South
 Carolina Landowner and Advertising Protection and Property Valuation Act,"
 sections 39-14-10 to -40 of the South Carolina Code (Supp. 2010) (the Act).  
The Act provides "[a]
 local governing body may enact or amend an ordinance of general applicability
 to require the removal of any nonconforming, lawfully erected off-premises
 outdoor advertising sign only if the ordinance requires the payment of just
 compensation to the sign owners . . ."  S.C. Code Ann. §
 39-14-30(B)(2) (emphasis added).  As enacted, Section 6 of the Act provided:

 
 Time Effective - SECTION 6. This act takes effect upon
 approval by the Governor. Nothing in this act preempts or otherwise alters,
 modifies, applies to, or effects relocation or removal of any off-premises
 outdoor advertising signs pursuant to an ordinance or regulation enacted by a
 local governing body prior to April 14, 2005. It is the intent of the General
 Assembly that nothing in this act may be construed to
 require the payment of monetary compensation for any off-premises outdoor
 advertising signs relocated or removed pursuant to an ordinance enacted before
 the effective date of this act unless the ordinance otherwise requires the
 payment of monetary compensation.

After the passage of the Act,
 the City attempted to amortize certain of Fairway's billboards without
 compensation.  Fairway filed a declaratory judgment action against the City to
 have the ordinance stricken from the City Code.  In the alternative, Fairway
 requested a permanent injunction and also alleged an inverse condemnation cause
 of action and unconstitutional takings in violation of the state and federal
 constitutions.  Fairway filed a motion for partial summary judgment as to the
 declaratory judgment action.  The City filed a document entitled "Motion
 for Summary Judgment" as well.  The circuit court granted Fairway's motion
 finding the plain language of the Act rendered all amortization ordinances
 illegal and holding the effective date section of the Act related to removals
 that occurred before the effective date, not ordinances passed prior to that
 time.  The circuit court further found the City's interpretation of the Act's
 effective date section would transform the Act into unconstitutional special
 legislation because it would treat municipalities differently.  The City filed
 a motion for reconsideration, which was denied.  This appeal followed.  
LAW/ANALYSIS
I.  The
 Act and the Ordinance
The City argues the time
 effective section of the Act states compensation ordinances enacted prior to
 the effective date of the legislation are not affected by the Act.  We disagree.
"The issue of
 interpretation of a statute is a question of law for the court.  [The appellate
 court] is free to decide questions of law with no particular deference to the
 lower court."  Jeter v. S.C. Dep't of Transp., 369 S.C. 433, 438,
 633 S.E.2d 143, 146 (2006) (citations omitted).  "The
 determination of legislative intent is a matter of law."  Eagle
 Container Co., LLC v. Cnty. of Newberry, 379 S.C. 564, 568, 666 S.E.2d 892,
 894 (2008) (quoting Charleston Cnty. Parks & Recreation Comm'n v. Somers,
 319 S.C. 65, 67, 459 S.E.2d 841, 843 (1995)).  "All rules of statutory construction
 are subservient to the one that legislative intent must prevail if it can be
 reasonably discovered in the language used, and that language must be construed
 in light of the intended purpose of the statute."  McClanahan
 v. Richland Cnty. Council, 350 S.C. 433, 438, 567 S.E.2d 240, 242 (2002). 
 The language in a statute should be construed in a way that reflects the
 statute's intended purpose.  Nelson v. Ozmint, 390 S.C. 432, 436, 702
 S.E.2d 369, 371 (2010).  "A statute as a whole must receive practical,
 reasonable, and fair interpretation consonant with the purpose, design, and
 policy of lawmakers."  Sloan v. S.C. Bd. of Physical Therapy Exam'rs,
 370 S.C. 452, 468, 636 S.E.2d 598, 606 (2006).  
The time effective section
 of the enacting legislation is ambiguous.  It is unclear whether the removal of
 signs is prohibited after a certain date or whether the passage of new "no
 compensation" ordinances is the prohibited action.  Further complicating
 matters, two dates, April 15, 2005, and the effective date of the legislation,
 which was ultimately February 22, 2006, are cited.  Because the language used
 in the second and third sentences of this section is ambiguous, we must attempt
 to ascertain the legislature's intent and construe any ambiguity in a way that
 reconciles it with the Act's overall purpose.  
In this case, section (B) of
 the Act makes clear the legislature disfavors the amortization of billboards
 without just compensation to the owners.  Interpreting the Act to allow local
 governments to continue amortizing billboards without just compensation under
 previously enacted ordinances does not comport with the overall intent of the
 Act, which is aimed at protecting the property interests of sign owners.  Furthermore, if the time effective section referred to a cutoff
 date for the passage of no-compensation ordinances, nothing would have
 prevented all local jurisdictions from hurriedly passing no-compensation
 ordinances.  Such action would have rendered the Act completely ineffective,
 and we are charged with construing legislation in a manner that does not lead
 to an absurd result.  SeeKiriakides v. United Artists Commc'ns, Inc., 312 S.C. 271, 275, 440 S.E.2d 364, 366
 (1994) (holding the court should reject a meaning when to accept it would lead to a result so plainly absurd that it could not
 have been intended by the legislature).  Therefore, we construe the second
 sentence of the time effective section as banning the removal or relocation of
 signs prior to April 15, 2005, under a no-compensation ordinance.  
The same
 principles that lead to our interpretation of the second sentence are
 applicable to a construction of the last sentence of the time effective
 section.  Again, to interpret the last sentence to permit the continued
 existence of no-compensation ordinances would conflict with the overall purpose
 of the Act.  Consequently, two possible interpretations of the final sentence emerge:
 (1) it prohibits the removal or relocation of signs after the time effective
 date of the Act or (2) it simply clarifies for sign owners that the passage of
 the Act does not entitle them to seek compensation for signs already removed
 under a previously existing no-compensation ordinance.  In other words, the
 statute is not retroactive.  The first interpretation is incongruent with our
 construction of the second sentence in this section finding April 15, 2005, to
 be the cutoff date for the removal or relocation of signs.  Therefore, the
 second construction is most reasonable and is in keeping with the overall
 purpose of the Act.  Local governments cannot continue operating under no-compensation
 ordinances, and sign owners cannot use the Act to seek compensation for prior
 amortizations that were accomplished without just compensation.[2]
Because we
 conclude the time effective section of the Act does not permit the continuing
 existence of no-compensation ordinances, we find the circuit court did not err
 in holding the City's ordinance was preempted by the Act.  Furthermore, because we interpret the Act in such a way as to
 preempt the City's amortization ordinance, we not need address the circuit
 court's findings regarding special legislation and we need not determine
 whether the unconventional way in which the ordinance was passed rendered it
 void.  See Futch v. McAllister Towing of Georgetown, Inc., 335
 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not
 address remaining issues when the determination of a prior issue is dispositive
 of the appeal).
II.  Failure
 to Grant Summary Judgment
The City also urges this
 court to find the circuit court erred in failing to grant summary judgment in
 its favor on Fairway's remaining causes of action.  We decline to address this
 issue.  
The parties disagree to some
 extent on whether the City's pleading entitled "Motion for Summary
 Judgment" actually seeks summary judgment as to the other causes of action
 alleged by Fairway: permanent injunction, inverse condemnation cause of action,
 and unconstitutional takings in violation of the state and federal
 constitutions.  However, we need not determine whether the City sought summary
 judgment on those issues because the denial of those motions would be
 unappealable.  See Olson v. Faculty House of Carolina, Inc., 354
 S.C. 161, 168, 580 S.E.2d 440, 444 (2003) (reaffirming the denial of a motion
 for summary judgment is unappealable).
For all of the foregoing
 reasons the order of the circuit court is 
AFFIRMED.
FEW, C.J., and SHORT and
 KONDUROS, JJ., concur.

[1] Amortization of
 billboards means requiring the removal or relocation of non-conforming
 billboards within a certain period of time.
[2] Under either interpretation
 of the last sentence, the City's case fails as the signs at issue were not
 removed before the effective date of the Act, nor is Fairway seeking
 compensation for an amortization that was concluded prior to the effective date
 of the Act.