**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Casey Lewis, Appellant,

v.

The State, Respondent.

Appellate Case No. 2016-000442

———————————

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

———————————

Unpublished Opinion No. 2017-UP-451
Submitted November 1, 2017 – Filed December 6, 2017

———————————

**AFFIRMED**

———————————

Casey Lewis, of Ridgeland, pro se.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, and Senior Assistant Attorney General Thomas Parkin C. Hunter, all of Columbia, for Respondent.

———————————

**PER CURIAM:** Casey Lewis appeals the circuit court's dismissal of his declaratory judgment action, arguing the circuit court erred by (1) incorrectly applying the doctrine of res judicata and (2) failing to analyze and determine the legislative intent and statutory interpretation of section 16-3-20 of the South

Carolina Code (Supp. 1999), as opposed to the 2010 codification.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred by dismissing the action on res judicata grounds: *S.C. Dep't of Transp. v. Horry County*, 391 S.C. 76, 81, 705 S.E.2d 21, 24 (2011) ("Declaratory judgment actions are neither legal nor equitable; therefore, the standard of review depends upon the nature of the underlying issues."); *Eagle Container Co. v. County of Newberry*, 379 S.C. 564, 568, 666 S.E.2d 892, 894 (2008) ("The determination of legislative intent is a matter of law." (quoting *Charleston Cty. Parks & Recreation Comm'n v. Somers*, 319 S.C. 65, 67, 459 S.E.2d 841, 843 (1995))); *Catawba Indian Nation v. State*, 407 S.C. 526, 536, 756 S.E.2d 900, 906 (2014) ("Determining the proper interpretation of a statute is a question of law, and [appellate courts] review[] questions of law de novo." (quoting *Town of Summerville v. City of North Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008))); *Judy v. Judy*, 383 S.C. 1, 8, 677 S.E.2d 213, 217 (Ct. App. 2009) ("When claims arising out of a particular transaction or occurrence are adjudicated, res judicata bars the parties to that suit from bringing subsequent actions on either the adjudicated issues or any issues that might have been raised in the first suit."); *Catawba*, 407 S.C. at 538, 756 S.E.2d at 907 ("Res judicata may be applied if (1) the identities of the parties are the same as in the prior litigation, (2) the subject matter is the same as in the prior litigation, and (3) there was a prior adjudication of the issue by a court of competent jurisdiction.");  *Judy*, 383 S.C. at 10, 677 S.E.2d at 218 ("[I]dentity of the subject matter of the two suits rests not in their forms of action or the relief sought, but rather, in the combination of the facts and law that give rise to a claim for relief.");  *Nunnery v. Brantley Constr. Co.*, 289 S.C. 205, 209, 345 S.E.2d 740, 743 (Ct. App. 1986) ("A dismissal 'with prejudice' indicates an adjudication on the merits and, operating as *res judicata,* precludes subsequent litigation to the same extent as if the action had been tried to a final adjudication.").

2. As to whether the circuit court analyzed and determined the legislative intent and statutory interpretation of section 16-3-20 as codified in 1999:  *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.