**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wolfe Marie Vernon Trust, Appellant,

v.

The Town of Mount Pleasant and The Mount Pleasant Board of Zoning Appeals, Respondents.

Appellate Case No. 2022-000392

Appeal From Charleston County
R. Ferrell Cothran, Jr., Circuit Court Judge

Unpublished Opinion No. 2024-UP-383
Heard September 10, 2024 – Filed November 13, 2024

**AFFIRMED**

Thomas J. Rode, of Thurmond Kirchner & Timbes, P.A., of Charleston, for Appellant.

Stephen Lynwood Brown, Russell Grainger Hines, and Brian Lee Quisenberry, all of Clement Rivers, LLP, of Charleston, for Respondents.

**PER CURIAM:** In this civil matter, the Wolfe Marie Vernon Trust (the Trust) appeals the circuit court's order denying its appeal from the decision of the Mount

Pleasant Board of Zoning Appeals (the Board).[1]  The Trust argues the Board (1) misinterpreted and misapplied the "building line" definition of the Mount Pleasant Zoning Code (the Code) in determining the front versus the rear of its lot and (2) violated the stated purpose of the Special R-2 Overlay Zoning District (the SROZD) ordinance by denying its permit request.  We affirm.

1.      The SROZD Ordinance Purpose

The Trust's lot is governed by the Code, which typically mandates that lots have a twenty-five-foot front and rear yard setback.  However, in 2007, the Mount Pleasant Town Council (the Council) created the SROZD, which modified the front yard setback by reducing it to fifteen feet for lots within the district.  The Trust's lot is located within the SROZD and is landlocked by other lots such that it is not visible from a public street.  Additionally, the lot is roughly an "L-shape," and the east boundary is longer than the west boundary.  The Trust planned to build a porch on the east-facing portion of its house.  To build the porch in the desired dimensions and location, the east boundary of the lot would need to be considered the front of the property for the relaxed front yard setback of the SROZD to apply.  However, the west-facing side of the house has the typical architectural characteristics of the front of a house.  The Trust filed a permit request to deem the east boundary the front, and the Board denied the request.

In analyzing whether the Board improperly denied the Trust's request, we must first determine the SROZD ordinance's purpose.  *See Arkay, LLC v. City of Charleston*, 418 S.C. 86, 91-93, 791 S.E.2d 305, 308 (Ct. App. 2016) ("This court will not reverse a zoning board's decision unless the board's findings of fact have no evidentiary support or the board commits an error of law."); *Mikell v. County of Charleston*, 386 S.C. 153, 158, 687 S.E.2d 326, 329 (2009) ("The determination of legislative intent is a matter of law."); *City of Myrtle Beach v. Juel P. Corp.*, 344 S.C. 43, 47, 543 S.E.2d 538, 540 (2001) (stating "legislative intent must prevail if it can be reasonably discovered in the language used").  We find the intent of the Council in creating the SROZD was to allow homeowners to renovate and make additions to the *front* of their existing houses in a location where they would not have previously been able to do so.  *See* TOWN OF MOUNT PLEASANT, S.C., CODE § 156.315(B)(3) (2007) (explaining that by creating the SROZD, homeowners could now "add porches as well as increased living space" to houses that were

---

[1] The respondents in this case include both the Town of Mount Pleasant and the Town of Mount Pleasant Board of Zoning Appeals.  We will herein refer to them as the Board.

"currently at or over the [twenty-five-foot] front yard setback[s]"); § 156.315(A) (stating the purpose is to allow additions to homes that will "lead to an enhanced streetscape and a pedestrian-friendly environment"); § 156.315(E)(1) (stating the minimum yard requirements for the front yard were reduced to fifteen feet); § 156.315(B)(1) ("This district is located in the older part of the town developed before the current ordinances were enacted.").

However, while the SROZD mandates the front and rear setbacks are different, it does not instruct on how to determine the front versus the rear of a lot. Therefore, we must look at the rest of the Code to seek clarification. *See Hudson ex rel. Hudson v. Lancaster Convalescent Ctr.*, 407 S.C. 112, 124-25, 754 S.E.2d 486, 492-93 (2014) ("[S]tatutes must be read as a whole and sections which are part of the same general statutory scheme must be construed together and each given effect, if it can be done by any reasonable construction.").

2.      Definition Section Interpretation

We hold the Board properly interpreted and applied the building line definition found in the Code. *See Gurganious v. City of Beaufort*, 317 S.C. 481, 487, 454 S.E.2d 912, 916 (Ct. App. 1995) (explaining our court gives "great deference to the decisions of those charged with interpreting and applying local zoning ordinances"). First, giving the ordinance a fair and practical reading, we find the "greatest buildable area" provision of the building line definition was included to ensure that even if a house was facing "sideways" or atypically situated on a lot, the bigger setbacks would not be applied to the longer lot dimensions. To read it differently would create a lot with wide yards on either side of the house and less buildable area. *See* TOWN OF MOUNT PLEASANT, S.C., CODE § 156.007 (explaining "[f]ront and rear yards should be located along the width of the lot (shorter dimension) and side yards should be located along the length of the lot (longer dimension), both regardless of lot and building orientation so as to provide the greatest amount of buildable area"); *Charleston Cnty. Parks & Recreation Comm'n v. Somer*s, 319 S.C. 65, 68, 459 S.E.2d 841, 843 (1995) ("An ordinance must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers."). While we acknowledge there are special cases, such as the irregularly shaped lot here, when the buildable area may not reach its absolute maximum under this interpretation and application of the "building line" definition, we find the purpose of the definition was to distinguish the front and rear boundaries from the side boundaries. *See Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 342, 713 S.E.2d 278, 283 (2011) ("In interpreting a statute, the language of the statute must be read in a sense that harmonizes with its

subject matter and accords with its general purpose.").

Next, when reading the definition of "building line" as a whole, we find the provision stating "both regardless of lot and building orientation" is used when determining the front and rear yards as opposed to the side yards. *See* § 156.007; *Eagle Container Co., LLC v. County of Newberry*, 379 S.C. 564, 570, 666 S.E.2d 892, 895-96 (2008) (alteration in original) ("'[W]ords in a statute must be construed in context,' and 'the meaning of particular terms in a statute may be ascertained by reference to words associated with them in the statute.'" (citations omitted)). The sentence groups together the front and rear yards, i.e. the "shorter dimensions," and the side yards, i.e. the "longer dimensions," then explains "both" should be determined "regardless of orientation" "so as to provide the greatest amount of buildable area." *See* § 156.007; *Somers*, 319 S.C. at 68, 459 S.E.2d at 843 ("In construing ordinances, the terms used must be taken in their ordinary and popular meaning."); *Poole v. Saxon Mills*, 192 S.C. 339, 347, 6 S.E.2d 761, 764 (1940) (explaining that "phrases and sentences are to be construed according to the rules of grammar" (quoting G. A. Endlich, *A Commentary on the Interpretation of Statutes* 4 (1888))). While we acknowledge the definition is somewhat redundant in explaining how to determine the sides versus the front and rear of a lot, we cannot force meaning into the definition that is not there. *See Liberty Mut. Ins. Co. v. S.C. Second Inj. Fund*, 363 S.C. 612, 624, 611 S.E.2d 297, 303 (Ct. App. 2005) ("The words of a statute must be given the plain and ordinary meaning without resorting to subtle or forced construction.").

Therefore, because neither the SROZD nor the definition section of the Code provide us with guidance on how to determine the front versus the rear of a lot, we must use a common sense understanding of the "front" of a house. *See White v. State*, 375 S.C. 1, 8, 649 S.E.2d 172, 176 (Ct. App. 2007) ("[W]hen the legislature chooses not to define a term in a statute, courts will interpret the term in accord with its usual and customary meaning."). Here, the lot's address is for the street parallel and closest to the western boundary, and the driveway enters the lot on the western boundary. Additionally, the primary entrance and the typical architectural characteristics associated with the front of a house are located on the west-facing side of the Trust's house. Moreover, the Trust acknowledged that, from an architectural perspective, the west-facing side of the house is the primary façade. Therefore, we hold the west-facing side of the house is the front and should receive the relaxed fifteen-foot setback. Accordingly, we find the circuit court properly affirmed the Board's decision to deny the Trust's request to add the porch to the east-facing side of the house. *See Arkay, LLC*, 418 S.C. at 91-92, 791 S.E.2d at 308 ("This court will not reverse a zoning board's decision unless the

board's findings of fact have no evidentiary support or the board commits an error of law."); *Eagle Container Co.*, 379 S.C. at 568, 666 S.E.2d at 894 (stating "[i]ssues involving the construction of ordinances are reviewed as a matter of law under a broader standard of review than is applied in reviewing issues of fact").

**AFFIRMED.**

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**