## ROSE v. FLORENCE HARNESS CO.

1. AGRICULTURAL LIEN.—IN ACTION FOR MONEY HAD AND RECEIVED as proceeds of lien cotton after notice, it is necessary to show that defendant actually received such proceeds.

2. Supreme Court.—Judgment will be awarded in this Court upon admission in answer in magistrate court on appeal from Circuit Court, which dismissed the complaint.

Before Townsend, J., November, 1902.    Reversed.

Action by Henry S. Rose against Florence Harness Co. From judgment for plaintiff, defendant appeals.

*Mr. J. P. McNeill,* for appellant, cites: *Landlord's rent for advances must be recorded to give priority over other liens for advances:* 21 S. C., 51; 35 S. C., 187.

*Mr. W. F. Clayton,* contra (oral argument).

March 15, 1905.    The opinion of the Court was delivered by

Mr. Justice Woods.    This statement of facts appears in the record: "This was an action brought in the court of R. S. Smith, magistrate, by Henry S. Rose against Florence Harness Co. to recover the sum of forty and 15-100 dollars, claimed as being the proceeds of the sale of certain cotton raised by one Nero Blain and wife, Julia Blain, upon lands cultivated by them in the year 1901.    The lands were rented from one T. C. Willoughby, trustee, for $40.    The said Nero and Julia Blain procured advances from the plaintiff, Rose, and to secure the payment thereof, gave him an agricultural lien of date January 18, 1901, upon all the crops to be raised upon the said premises.    This lien was duly recorded on the        day of February, 1901.    Thereafter, to wit: the 6th day of March, 1901, said Blain and wife executed a similar agricultural lien upon the crops raised upon the same lands in favor of the defendant, Florence Harness Co., to secure advances.    The latter lien was never recorded. T. C. Willoughby, trustee, is also the general manager of the defendant corporation, and upon the payment of the rent of the lands in the fall of 1901 by the said tenants

to T. C. Willoughby, the landlord, they paid him also $36.78 in excess of the rent, which excess he turned over to himself as general manager of Florence Harness Co. as payment upon its subsequent and unrecorded lien for advances. Demand was promptly made upon the defendant for the payment of the excess over the rent to the plaintiff, which was refused; whereupon this action was brought, as before stated, for money had and received to the use of the plaintiff, and the magistrate rendered judgment in favor of the said plaintiff. The defendant, within the proper time, appealed to the Court of Common Pleas, and the appeal was heard at the October term thereof by the Honorable D. A. Townsend, presiding Judge, who reversed the judgment of the magistrate and dismissed the complaint."

The following statement shows the money received by Willoughby for himself and the defendant corporation:

"Nero Blain.

| 1901. | Oct. 21st, | By cash, | . | $31 80 |
| " | " 26th, | " | | 33 73 |
| | | | | $65 53 |
| " | " 15th, | " | | 11 25 |
| | | | | $76 78" |

This shows an excess over the rent of $36.78.

The Circuit Judge in his judgment held, "There is nothing in the evidence to show how the $36.78 was realized." This was a finding on a disputed question of fact, and is conclusive on this Court. The plaintiff could only require defendant to account for the money derived from the crop under lien, and, therefore, the judgment of the Circuit Court on this point must be sustained without respect to the issue of notice.

The defendant, in his answer, admitted his liability to pay to the plaintiff the proceeds of 500 pounds of seed cotton, received by him after notice of the plaintiff's lien, valued at two and one-half cents per pound. This would amount to $11.25.

The judgment of the Circuit Court is reversed, and it is adjudged that the plaintiff recover of the defendant the sum of $11.25.

MR. JUSTICE GARY *did not sit in this case because of illness.*