735 S.E.2d 659

**WYNDHAM ENTERPRISES, LLC and Rodney Wyndham, Individually, Appellants,**

**v.**

**The CITY OF NORTH AUGUSTA and The City of North Augusta Board of Zoning Appeals, Respondents.**

Appellate Case No. 2010–167368.

No. 5030.

Court of Appeals of South Carolina.

Heard June 6, 2012.

Decided Sept. 5, 2012.

Stephen Peterson Groves, Sr., of Nexsen Pruet, LLC, of Charleston, and Stevens Bultman Elliott, of Columbia, for Appellants.

Carmen V. Ganjehsani and Charles E. Carpenter, Jr., of Carpenter Appeals & Trial Support, LLC, of Columbia; and Kelly F. Zier, of Zier Law Firm, LLC, of North Augusta, for Respondents.

LOCKEMY, J.

Wyndham Enterprises, LLC and Rodney Wyndham (Appellants) appeal the circuit court's affirmation of The City of North Augusta Board of Zoning Appeals' (the BZA) denial of Appellants' special exception request to sell fireworks. Appellants argue the BZA acted outside the scope of its authority,

and its decision was arbitrary, capricious, and violated Appellants' right to equal protection. We reverse.

## FACTS/PROCEDURAL BACKGROUND

On September 1, 2009, Appellants purchased a 0.91 acre parcel of land (the property) in the City of North Augusta (the City). The property is located in Aiken County (the County) off Exit 1 of I–20 near the Georgia and South Carolina border. Appellants intended to build a 5,000 square foot structure on the property to house a Halloween Express retail store which would sell costumes, decorations, and novelty items. The property was zoned General Commercial under the North Augusta Development Code (the Code). Pursuant to the Code, the sale of fireworks is designated as a special exception use in General Commercial zoning districts.

On September 23, 2009, Appellants submitted an application to the BZA requesting a special exception to sell fireworks on the property. In an October 30, 2009 memorandum, Skip Grkovic, the City's Director of the Department of Economic and Community Development (DECD), recommended the BZA approve the special exception request subject to certain conditions which Appellant agreed to meet. In its minor site plan, the DECD stated Appellants' application met the development and zoning standards of the Code for a retail sales use in a General Commercial District. However, the DECD noted the sale of fireworks must be approved as a special exception by the BZA.

On November 5, 2009, the BZA held a public hearing on Appellants' request for a special exception. At the hearing, Mr. Wyndham testified the business would operate as the Halloween Express store for approximately twelve weeks per year and a fireworks retail store from Memorial Day to Labor Day. Mr. Wyndham indicated the fireworks store would not necessarily be open every day during the period of time the business was not operating as the Halloween Express. Also at the hearing, fourteen residents of nearby residential neighborhoods testified against the special exception. Residents' concerns included increased traffic, decreased property values, and a negative image of the community due to multiple

fireworks retailers in the same area.[1]

At the conclusion of the hearing, the BZA unanimously voted to deny Appellants' special exception request. Pursuant to section 18.4.5.4.3(b) of the Code, the BZA must evaluate permits for special exceptions on the basis of the following criteria:

1. That the special exception complies with all applicable development standards contained elsewhere in this Chapter and with the policies contained in the Comprehensive Plan. (Rev. 12–1–08; Ord. 2008–18)

2. That the special exception will be in substantial harmony with the area in which it is to be located.

3. That the special exception will not discourage or negate the use of surrounding property for use(s) permitted by right.

Pursuant to the minutes of the November 5, 2009 BZA meeting, the BZA determined the special exception did not comply with the second and third criteria. The BZA found the special exception was "not in harmony with nearby residential developments" and would have "a detrimental impact on existing and proposed residential development in the area."

Subsequently, Appellants appealed the BZA's decision to the circuit court, arguing the BZA's decision was arbitrary and capricious, a violation of the Equal Protection Clause, and a contravention of statutory law. A hearing was held before the circuit court on May 26, 2010. In a July 1, 2010 order, the circuit court affirmed the BZA's denial of Appellants' special exception request. This appeal followed.

**STANDARD OF REVIEW**

On appeal, the findings of fact by the Board shall be treated in the same manner as findings of fact by a jury, and the court may not take additional evidence. S.C.Code Ann. § 6–29–840(A) (Supp. 2011). "In reviewing the questions presented by the appeal, the court shall determine only whether

---

1. An existing fireworks store is located adjacent to the property. While this existing store is located within City limits, it was permitted and approved for development before the land was annexed by the City from the County. A second fireworks store is located nearby, but is located in the County and not within the City limits.

the decision of the Board is correct as a matter of law." *Austin v. Bd. of Zoning Appeals,* 362 S.C. 29, 33, 606 S.E.2d 209, 211 (Ct.App.2004). Furthermore, "[a] court will refrain from substituting its judgment for that of the reviewing body, even if it disagrees with the decision." *Restaurant Row Assocs. v. Horry Cnty.,* 335 S.C. 209, 216, 516 S.E.2d 442, 446 (1999). "However, a decision of a municipal zoning board will be overturned if it is arbitrary, capricious, has no reasonable relation to a lawful purpose, or if the board has abused its discretion." *Id.*

## LAW/ANALYSIS

### Arbitrary and Capricious

Appellants argue the circuit court erred in affirming the BZA's decision to deny Appellants' special exception request because the BZA's decision was arbitrary and capricious. We agree.

Pursuant to section 18.4.5.4.3(b) of the Code, the BZA must evaluate permits for special exceptions on the basis of the following criteria:

1. That the special exception complies with all applicable development standards contained elsewhere in this Chapter and with the policies contained in the Comprehensive Plan. (Rev. 12–1–08; Ord. 2008–18)

2. That the special exception will be in substantial harmony with the area in which it is to be located.

3. That the special exception will not discourage or negate the use of surrounding property for use(s) permitted by right.

Furthermore, the BZA, "[i]n making quasi-judicial decisions, . . . must ascertain the existence of facts, investigate the facts, hold hearings, weigh evidence and draw conclusions from them, as a basis for official action, and exercise discretion of judicial nature." *North Augusta Development Code* § 5.1.4.5(a). Decisions of the BZA must be supported by "competent, substantial, and material evidence." *Id.*

 Here, the BZA determined the special exception did not comply with the second and third criteria. Although the hearing transcript indicates the BZA voted to deny the special

exception request based on the third criterion, the minutes of the meeting state the BZA found both the second and third criteria were not satisfied. The minutes normally constitute the BZA's final findings. S.C.Code Ann. § 6–29–800(F) ("All final decisions and orders of the board must be in writing and be permanently filed in the office of the board as a public record. All findings of fact and conclusions of law must be separately stated in final decisions or orders of the board which must be delivered to parties of interest by certified mail."). But the transcript can constitute the final findings if the minutes are found invalid. *See Vulcan Materials Co. v. Greenville County Bd. of Zoning Appeals,* 342 S.C. 480, 493–94, 536 S.E.2d 892, 899 (Ct.App.2000). Here, the circuit court considered the minutes to constitute the BZA's findings, and those findings included a denial based upon the second and third criteria.

Appellants contend the BZA's decision to deny their special exception was based solely on opinion and conjecture. Appellants point out the memorandum prepared by the DECD, which recommended the BZA grant the special exception, explained that DECD staff discussed the proposed fireworks use with the City's traffic consultant and determined the proposed use would not generate a significant amount of traffic. Respondents contend the BZA's decision was supported by the evidence, complied with the Code's requirements for granting a special exception, and was neither arbitrary nor capricious. Respondents argue the residents' sworn testimony regarding the detrimental change in character to the neighborhood by the proliferation of fireworks stores, the decreased property values of the residential homes in the area, and the negative impact on future residential growth was ample evidence to the support the BZA's decision.

We find the BZA's decision was arbitrary and capricious. Regarding the third criterion, the BZA determined the special exception would not discourage or negate the use of the commercially zoned property immediately surrounding the property, but would have a detrimental impact on existing and proposed residential development. At the hearing, residents testified as to their concerns regarding the proposed fireworks business. These concerns included an increase in traffic, a decline in property values, and a detrimental impact on the

character of the surrounding area. The testimony proffered was based on speculation and opinion. Although property owners can generally testify as to the value of and damage to their own property, here only one of numerous witnesses addressed the special exception's effect on property value. Moreover, the property owner did not testify about his specific parcel but rather testified broadly about the undesired fireworks store's possible effect on the neighborhood's home values as a whole. This testimony was not competent to support the denial of the special exception. *Compare Olson v. South Carolina Dept. of Health & Entl. Control,* 379 S.C. 57, 67, 663 S.E.2d 497, 502–03 (Ct.App.2008) (affirming an administrative law court's finding that the effect on the value of adjacent landowners' property warranted the denial of a dock permit because *those adjacent landowners* testified the desired permit would diminish the value of their respective properties); *Myrtle Beach Farms Co. v. Hirsch,* 304 S.C. 94, 96–97, 401 S.E.2d 196, 198 (Ct.App.1991) (reversing the denial of an injunction based upon a restrictive covenant and stating "Myrtle Beach Farms based its decision to withhold approval mainly on its opinion, which it was competent to make *as the owner of the surrounding property,* that the use of the subject property as a site for a helicopter ride service would have an adverse impact on the future marketability or desirability of the surrounding property" (emphasis added)).

Additionally, none of the residents properly explained why Appellants' business would cause a decrease in property values when one fireworks store is located across the street from the property and another store is located nearby. The residents' testimony also failed to relate how their concerns about a fireworks business would be different from their concerns regarding commercial enterprises which would be allowed as a matter of right without the need to seek a special exception. No competent testimony was presented differentiating the effect of a fireworks store on property values from the effect of a fast food restaurant or convenience store on property values. Both of these types of business would be entitled to open in the same commercial location as a matter of right.

Regarding the residents' traffic concerns, we note that although there was testimony that residents felt the fireworks business would increase traffic, they failed to offer any compe-

tent evidence to support their opinions. *See Bannum, Inc. v. City of Columbia,* 335 S.C. 202, 206, 516 S.E.2d 439, 441 (1999) (reversing a zoning board's denial of a special exception permit and holding that although neighboring residents testified they felt a proposed halfway house would increase traffic, there was no factual evidence presented to support that allegation). Multiple neighborhood residents provided accounts of problems exiting and entering the neighborhood at the location of the proposed fireworks business. However, this testimony failed to establish how adding the fireworks store would increase traffic problems in any way but a conjectural manner. Additionally, the City's own traffic consultant determined the proposed fireworks business would not generate a significant amount of traffic.

As to the second criterion, the BZA determined the special exception was not in substantial harmony with the surrounding area. The record reflects the property is located within a commercial district near another fireworks business, a Circle K convenience store, and a Waffle House. Although the BZA determined the proposed fireworks business was in substantial harmony with these commercial uses, the BZA found the fireworks business was not in substantial harmony with nearby residential developments. We find the BZA's decision to give deference to residential neighborhoods outside the commercial zoning district in which the business would be located was arbitrary and capricious. Furthermore, as stated above, the record is void of any factual evidence to support the testimony that this particular fireworks business would have a detrimental impact on the character of the surrounding area.

Thus, because the BZA's decision was not supported by competent, substantial, and material evidence, and was based on opinion and speculation testimony, we reverse the circuit court's decision to affirm the BZA.

**Remaining Issues**

Appellants also argue the circuit court erred in affirming the BZA because the BZA acted outside the scope of its authority and its decision violated Appellants' right to equal protection. Based upon our decision to reverse the circuit court as to Appellants' first issue on appeal, we need not address these issues. *See Futch v. McAllister Towing of*

*Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

## CONCLUSION

Based on the foregoing, the circuit court's decision is **REVERSED.**

WILLIAMS and THOMAS, JJ., concur.