776 S.E.2d 753

**HELICOPTER SOLUTIONS, INC. d/b/a
Helicopter Adventures, Respondent,**

v.

**Richard HINDE and Horry County Zoning
Administrator, Defendants,**

**Of whom Richard Hinde is the Appellant.**

Appellate Case No. 2013–000971
No. 5350.

Court of Appeals of South Carolina.

Heard Oct. 8, 2014.
Decided Sept. 2, 2015.

2

Kenneth Ray Moss, of Wright, Worley, Pope, Ekster & Moss, PLLC, of North Myrtle Beach, for appellant.

David B. Miller and Benjamin Albert Baroody, both of Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A., of Myrtle Beach, for respondent.

MCDONALD, J.

Appellant Richard Hinde appeals the circuit court's ruling that a helicopter sight-seeing tour facility is a permitted use within the Amusement/Commercial (AC) zoning district pursuant to Article VII, Section 712.1 of the Horry County Zoning Ordinance (County Ordinance). Hinde contends the circuit court erred in failing to recognize and defer to the findings of fact made by the Horry County Board of Zoning Appeals (Zoning Board) and by expanding the range of permitted uses in the Horry County AC zoning district to include a heliport or airport. We affirm.

## FACTS/PROCEDURAL BACKGROUND

Respondent Helicopter Solutions, Inc., d/b/a Helicopter Adventures, owns and operates a helicopter sight-seeing tour business in Horry County.

Helicopter Adventures is located between the NASCAR Speed Park and the City of Myrtle Beach Wastewater Treatment facility on approximately 5.47 acres within a 46.17–acre tract off the Highway 17 bypass and 21st Avenue in North Myrtle Beach. Burroughs & Chapin, Inc. owns the land, which is split-zoned Amusement/Commercial (AC) and Limited Industrial (LI). Helicopter Adventures is located within the AC portion of the property, which has been zoned AC

since at least 2000, when Burroughs & Chapin entered an agreement with Horry County to develop this and other parcels for amusement and commercial use.

In the summer of 2010, Freddie Rick (Rick), who owns Helicopter Adventures with his wife, Mitzi Rick, began searching for property locations that might be suitable for operating a helicopter sight-seeing business. Rick initially contacted the Myrtle Beach and North Myrtle Beach airports to determine whether such a business could be conducted at either site; however, neither airport would allow this type of business.

Hinde, a real estate broker and resident of Plantation Pointe subdivision, purchased his home on March 17, 2011. Helicopter Adventures' landing pads are approximately 1,350 feet from the Plantation Pointe subdivision property line, and the properties are buffered with a large berm covered in fully-grown trees. Hinde testified before the Zoning Board that he knew the property behind his home was zoned AC and that he read the County Ordinance before buying his home. Hinde also testified that, after reading the County Ordinance, he "realized what could potentially be back there" and "interpreted from that Ordinance that it could be a helicopter business."

Although the AC zoning district portion of the County Ordinance allows for a variety of outdoor amusements and includes "sight-seeing depots," helicopter sight-seeing facilities are not specifically referenced in any zoning district provision.[1] Thus, Rick sought county zoning approval as well as Federal Aviation Administration (FAA) approval prior to making any financial commitments towards the proposed business. Rick hired AVN Solutions, LLC to assist him in obtaining FAA

---

1. Section 712 of the County Ordinance explains that the intent of the AC district is to "allow for the mixing of certain specified land uses in the county where both residential and limited business uses are competing for land and accelerated transition is in evidence." Horry County, S.C., Code of Ordinances, app. B, art. VII, § 712. Additionally, the AC section of the County Ordinance lists "permitted uses" for an AC district, including,

Establishments providing entertainment primarily as a commercial activity, including but not limited to theaters, billiard halls, pool halls, bowling alleys, water slides, skating rinks, dance halls, shooting galleries, gift and novelty shops, taverns, clubs, amusement parks, piers, arcades, miniature and par-three golf, driving ranges, boardwalks, bath houses, and sight-seeing depots.

Horry County, S.C., Code of Ordinances, app. B, art. VII, § 712.1(A).

approval as well as an engineering firm, the Earthworks Company, to work toward county zoning approval.

On November 18, 2011, Steven Strickland, a professional engineer with Earthworks, emailed Horry County Deputy Planning Director Carol Coleman about locating the helicopter sight-seeing tour facility on the AC portion of the Burroughs & Chapin property. Coleman replied, "[t]he zoning looks good, and the airport will be taken care of with the FAA application." On November 22, 2011, Zoning Administrator Rennie Mincey wrote to Strickland informing him that a helicopter tour facility would be allowed in the AC district pursuant to the County Ordinance. The Horry County Planning & Zoning, Code Enforcement, Engineering, and Stormwater Departments conducted a series of site plan reviews and revisions; the stormwater permit was issued on February 17, 2012; and a final site plan for construction approval was granted on March 28, 2012. Horry County issued the certificate of occupancy on May 25, 2012.

After obtaining preliminary approval of site building plans from both Coleman and Mincey, Helicopter Adventures submitted an application for a building permit, which was issued on April 10, 2012. In addition, the Ricks made investments in the business, including: (1) entering marketing and public relations contracts; (2) commencing construction of the structure, building pads, and parking lot; (3) signing the land lease; (4) purchasing four helicopters; (5) leasing a fifth helicopter; and (6) hiring and training pilots to operate the helicopters. Because a portion of Helicopter Adventures' parking lot is located within the limits of the City of Myrtle Beach, the City's Community Appearance Board (CAB) published notice of the plans and held a hearing on May 3, 2012. Thereafter, the CAB granted approval of the site plan. Following various public notices and advertising, Helicopter Adventures opened for business on May 25, 2012.

On June 22, 2012, Hinde filed an appeal to the Zoning Board challenging the Zoning Administrator's decision that a helicopter tour facility was a permissible use in the AC zoning district.[2] This request was deferred at an August 13, 2012 Board hearing. On September 10, 2012, by a 4–3 vote, the

---

2. Pursuant to Section 1403 of the County Ordinance, "[a]ppeals to the Board may be filed by any person aggrieved or by any officer, depart-

Zoning Board overturned the Zoning Administrator's Decision.[3] The Zoning Board's September 10, 2012 order set forth the following conclusions of law:

Based on the evidence presented ... this appeal was filed within a reasonable time after the applicant knew or should have known of the November 22, 2011 decision by the Zoning Administrator. Although the plans and permits referenced above were maintained as records of the county and available for public inspection for months before the appeal was filed, the appellant had no reason to inquire and lacked knowledge of them.

The Board overturns the decision of the Zoning Administrator finding that a helicopter tour facility is not a sight-seeing depot and is not consistent with the uses allowed in the AC zoning district. Therefore, the appeal is granted and the Zoning Administrator's decision is overturned.

(emphasis omitted). On September 12, 2012, Horry County's attorney notified Helicopter Adventures by email that the business was an "impermissible use of the location at issue." The letter explained that as a result of the Zoning Board's decision, Horry County was "compelled to take immediate action to enforce the decision of the [Zoning Board], which includes the termination of such operations at the site, should an appeal of the [Zoning Board's] decision not be filed by Helicopter Adventures, together with an application for supersedeas."

That same day, Helicopter Adventures filed its notice of appeal to the circuit court, along with a petition for writ of supersedeas.[4] The circuit court granted the petition for writ

---

ment, board, or bureau of the county. Such appeal shall be filed within a reasonable time, as provided by the rules of the Board, by filing with the Zoning Administrator and with the Board of Zoning Appeals notice of said appeal specifying the grounds thereof." Horry County, S.C., Code of Ordinances, app. B, art. XIV, § 1403 (1999).

3. Section 1402 of the County Ordinance provides, "[t]he concurring vote of a majority of the members present at a meeting of the Board of Zoning Appeals shall be necessary to reverse any order, requirement, decision or determination of the Zoning Administrator...." Horry County, S.C., Code of Ordinances, app. B, art. XIV, § 1402 (1999).

4. Pursuant to sections 6–29–820(A) and (B) of the South Carolina Code (Supp.2014), "[a] person who may have substantial interest in any

of supersedeas on September 28, 2012.[5]

On December 11, 2012, the circuit court conducted a hearing on the merits of Helicopter Adventures' appeal. By order dated January 16, 2013, the circuit court found Hinde had sufficient standing to challenge the determination of the Zoning Administrator and that he appealed to the Zoning Board within a reasonable time. The order adopted the Zoning Board's uncontested findings of fact, but reversed its "error of law in interpreting Section 712 of the Horry County Zoning Ordinance to exclude a helicopter sight-seeing tour facility as a permitted use within the Amusement Commercial District."

On January 28, 2013, Hinde and the Horry County Board of Zoning Appeals filed motions for reconsideration pursuant to Rule 59(e), SCRCP. Following a February 13, 2013 hearing, the circuit court ordered the deletion of one sentence from a footnote in the January 16 order. It denied the motions as to the remaining grounds asserted by Hinde and the Zoning Board. This appeal followed.

## ISSUES ON APPEAL

I.   Did the circuit court err in failing to recognize and defer to findings of fact by the Zoning Board?

II.  Did the circuit court err by expanding the range of permitted uses in the Horry County Amusement/Commercial zoning district to include a heliport or airport?

## STANDARD OF REVIEW

■■■■ "Generally, appeal from a final order of the circuit court following its review of the zoning board's decision is to the court of appeals." *Newton v. Zoning Bd. of Appeals for Beaufort Cty.*, 396 S.C. 112, 116, 719 S.E.2d 282, 284 (Ct.App. 2011) ((citing S.C.Code Ann. § 6-29-850 (2004); Rule 203(d), SCACR)). "On appeal, the findings of fact by the [Zoning] Board shall be treated in the same manner as a finding of fact

decision of the board of appeals" or "a property owner whose land is the subject of a decision of the board of appeals" may appeal from a decision of the board of appeals to the circuit court. *See also* Rule 65(f), SCRCP.

5.  This order allowed Helicopter Adventures to remain in business during the pendency of the appeal.

by a jury, and the court may not take additional evidence." *Wyndham Enters., LLC v. City of N. Augusta,* 401 S.C. 144, 147, 735 S.E.2d 659, 661 (Ct.App.2012) (citing S.C.Code Ann. § 6–29–840(A) (Supp.2011)). "In reviewing the questions presented by the appeal, the court shall determine only whether the decision of the [Zoning] Board is correct as a matter of law." *Id.* at 147–48, 735 S.E.2d at 661. "Furthermore, '[a] court will refrain from substituting its judgment for that of the reviewing body, even if it disagrees with the decision.'" *Id.* at 148, 735 S.E.2d at 661 (citing *Rest. Row Assocs. v. Horry Cty.,* 335 S.C. 209, 216, 516 S.E.2d 442, 446 (1999)). "However, a decision of a municipal [Z]oning Board will be overturned if it is arbitrary, capricious, has no reasonable relation to a lawful purpose, or if the board has abused its discretion." *Id.* (citation omitted). "Appellate courts regard appeals from zoning decisions in the same manner as appeals from other circuit court judgments in law cases." *Newton,* 396 S.C. at 116, 719 S.E.2d at 284.

## LAW/ANALYSIS

### I. Zoning Board's Findings of Fact

██ Hinde argues the circuit court erred in failing to recognize and defer to the findings of fact by the Zoning Board. We disagree.

██ On appeal, "[t]he findings of fact by the board of appeals must be treated in the same manner as a finding of fact by a jury, and the court may not take additional evidence." S.C.Code Ann. § 6–29–840(A) (Supp.2014). Furthermore, "[a] reviewing court in a zoning case may rely on uncontroverted facts [that are] not in a zoning board's findings [but appear in the record]." *Vulcan Materials Co. v. Greenville Cty. Bd. of Zoning Appeals,* 342 S.C. 480, 491, 536 S.E.2d 892, 898 (Ct.App.2000) (citation omitted).

██ "[I]ssues involving the construction of an ordinance are reviewed as a matter of law under a broader standard of review than is applied in reviewing issues of fact." *Mikell v. Cty. of Charleston,* 386 S.C. 153, 158, 687 S.E.2d 326, 329 (2009) (citing *Eagle Container, LLC v. Cty. of Newberry,* 379 S.C. 564, 568, 666 S.E.2d 892, 894 (2008)). "Although great deference is accorded the decisions of those charged with

interpreting and applying local zoning ordinances, a broader and more independent review is permitted when the issue concerns the construction of an ordinance." *Id.* (citing *Eagle Container*, 379 S.C. at 568, 666 S.E.2d at 894).

Here, the circuit court left the Zoning Board's findings of fact undisturbed. Hinde argues the Zoning Board's finding that "a helicopter tour facility is not a sightseeing depot and is not consistent with the uses in the AC zoning district" is actually a finding of fact, rather than a conclusion of law. In support of his argument, Hinde cites *Heilker v. Zoning Board of Appeals for the City of Beaufort*, 346 S.C. 401, 412, 552 S.E.2d 42, 47–48 (2001), in which the supreme court held that a zoning board's determination of whether a particular activity or purpose constitutes a "use" of property is a finding of fact.

Yet, Hinde concedes the Zoning Administrator made an "administrative interpretation" of the County Ordinance, which Hinde then appealed to the Zoning Board. He thus challenges the Zoning Administrator's construction of the County Ordinance as it applies to a "sight-seeing depot." We agree with the circuit court that in construing the County Ordinance, the Zoning Administrator, and subsequently, the Zoning Board, made a legal conclusion. *See Mikell*, 386 S.C. at 158, 687 S.E.2d at 329. Thus, the circuit court did not improperly substitute its own factual determination for that of the Zoning Board.

## II.  Permitted Use

In the alternative, Hinde argues the circuit court wrongly concluded as a matter of law that the County Ordinance's definition of "sight-seeing depot" includes the operation of helicopters or other types of aircraft. We disagree.

"The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature." *Mikell*, 386 S.C. at 160, 687 S.E.2d at 330 (citation omitted). "When interpreting an ordinance, the legislative intent must prevail if it can be reasonably discovered in the language used." *Id.* (citation omitted). "When reviewing issues involving the construction of an ordinance, the determination of legislative intent is a matter of law." *Id.* (citation omitted).

If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the Court has no right to look for or impose another meaning. Where a statute is ambiguous, however, we must construe the terms of the statute according to settled rules of construction.

*Grant v. City of Folly Beach,* 346 S.C. 74, 79, 551 S.E.2d 229, 231 (2001) (citations omitted).

We conclude the circuit court correctly held that the County Ordinance, on its face, permits the use of a helicopter sightseeing tour facility. Section 712 states "the intent of the [AC] district is to allow for the mixing of certain specified land uses in the county where both residential and limited business uses are competing for land and accelerated transition is in evidence." Additionally, Section 712.1(A) sets forth a list of AC district "permitted uses," including the following:

Establishments providing entertainment primarily as a commercial activity, including but not limited to theaters, billiard halls, pool halls, bowling alleys, water slides, skating rinks, dance halls, shooting galleries, gift and novelty shops, taverns, clubs, amusement parks, piers, arcades, miniature and par-three golf, driving ranges, boardwalks, bath houses, and sight-seeing depots.

Horry County, S.C., Code of Ordinances, app. B, art. VII, § 712.1(A). Neither the phrase "sight-seeing depot" nor any term within the phrase is defined within the County Ordinance. Therefore, such words are to be given their "customary dictionary definitions." *See* Horry County, S.C., Code of Ordinances, app. B, art. IV, § 400.

As the circuit court recognized, it is undisputed that Helicopter Adventures operates a sight-seeing business and that the tours conducted originate and terminate upon the subject property. Moreover, it is undisputed that the purpose of the sight-seeing business is for entertainment and commercial/business activity. Since there was no apparent dispute as to the meaning and applicability of the term "sight-seeing," the only issue Hinde raised to the Zoning Board with regard to consideration of the County Ordinance concerned the meaning of the word "depot." However, the determination of what

constitutes a "sight-seeing depot" under the AC section of the County Ordinance cannot be made in a vacuum.

The true guide to statutory construction is not the phraseology of an isolated section or provision, but the language of the statute as a whole considered in the light of its manifest purpose. In applying the rule of strict construction the courts may not give to particular words a significance clearly repugnant to the meaning of the statute as a whole, or destructive of its obvious intent.

*City of Columbia v. Niagara Fire Ins. Co.*, 249 S.C. 388, 391, 154 S.E.2d 674, 676 (1967) (citations omitted).

The obvious purpose of the AC zoning district is to accommodate "[e]stablishments providing entertainment primarily as a commercial activity." Zoning Administrator Mincey provided further guidance before the Zoning Board as to the intent of section 712:

Helicopter sight-seeing tour facilities function as outdoor amusements. Historically, outdoor amusement uses that may create noise, such as outdoor gun ranges and outdoor motor sport facilities have been limited to the AC district. Years ago, this was determined to be [an] appropriate zoning district for these use types because it was the only commercial district that allows outdoor amusements and does not allow residential uses. Further, there are a very limited number of properties in the County zoned AC. Therefore, anyone desiring to establish a use of this type has been told they would either have to procure one of the few properties already zoned for it or initiate a rezoning action that requires public notice and County Council approval. Thus, the AC zoning district historically has been regarded as one of the most intense zoning districts and commercial sight-seeing uses by land, water or air; and, other outdoor amusement commercial uses have been limited to this district.

Hinde conceded before the circuit court that the term "sight-seeing depot" would include a sight-seeing tour facility operating through a form of "ground transportation," such as a "bus ride [or] jeep ride." He also conceded that section 712 does not exclude air transportation. Thus, Hinde effectively seeks to add the limiting words "by ground transportation" or "by

bus or jeep" to the County Ordinance, ultimately restricting the scope of the AC zoning designation.

■ This court is prohibited from writing into an ordinance language restricting property rights to a greater degree than intended by the legislative body. It is a well-founded principle of law that

> statutes or ordinances in derogation of natural rights of persons over their property are to be strictly construed as they are in derogation of the common law right to use private property so as to realize its highest utility and should not be impliedly extended to cases not clearly within their scope and purpose. It follows that the terms limiting the use of the property must be liberally construed for the benefit of the property owner.

*Purdy v. Moise,* 223 S.C. 298, 302, 75 S.E.2d 605, 607 (1953) (citations omitted); *see also Keane/Sherratt P'ship by Keane v. Hodge,* 292 S.C. 459, 465, 357 S.E.2d 193, 196 (Ct.App.1987) (holding that while "[l]ocal governments have wide latitude to enact ordinances regulating what people can do with their property," they "must draft their ordinances so that people can have a clear understanding as to what is permitted and what is not. Otherwise, we must construe such ordinances to allow people to use their property so as to realize its highest utility.") (footnote omitted). Thus, we find the circuit court properly held the Zoning Board made an error of law in construing the County Ordinance to exclude a helicopter sight-seeing tour facility as a permissible use within the AC district.

## CONCLUSION

As the circuit court properly held the range of permitted uses in the Horry County Amusement/Commercial zoning district to include a helicopter sight-seeing tour business, the circuit court's decision is

**AFFIRMED.**

WILLIAMS and GEATHERS, JJ., concur.