**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kristin Cosby, Appellant,

v.

South Carolina Criminal Justice Academy, Respondent.

Appellate Case No. 2020-000849

---

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

---

Unpublished Opinion No. 2022-UP-286
Submitted June 1, 2022 – Filed July 6, 2022

---

**AFFIRMED**

---

Courtney Celeste Atkinson, of Metcalfe & Atkinson,
LLC, of Greenville, for Appellant.

James M. Fennell, of the South Carolina Criminal Justice
Academy, of Columbia, for Respondent.

---

**PER CURIAM:** Kristin Cosby appeals a decision of the administrative law court
(ALC) affirming the South Carolina Criminal Justice Academy's final decision to
permanently withdraw her law enforcement certification, arguing the ALC erred by
finding (1) substantial evidence supported the Academy's finding that she engaged
in misconduct, (2) the Academy did not rely on an incorrect standard for "willful

conduct," and (3) the Academy's decision was not arbitrary or capricious and did not constitute an abuse of discretion.  We affirm.

1.  We find substantial evidence supports the Academy's finding that Cosby engaged in misconduct by making an incorrect or incomplete statement to a law enforcement officer.  *See* S.C. Code Ann. § 1-23-380(5)(e) (Supp. 2021) (stating this court should affirm the ALC's decision if it is supported by substantial evidence).  Because the evidence in the record shows that Cosby initially stated she rebuffed her subordinate's attempt to engage in sexual activity, but later provided a written statement indicating they engaged in consensual sexual activity, we find substantial evidence supports the Academy's finding that Cosby "provided [an] incorrect or incomplete statement[]."  *See CareAlliance Health Servs. v. S.C. Dep't of Revenue*, 416 S.C. 484, 488, 787 S.E.2d 475, 477 (2016) ("Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached . . . .").  We also find the lack of evidence that the investigator clarified the meaning of his questions or the scope of the investigation after Cosby gave her initial statement indicates Cosby's initial denial was not the result of a misunderstanding.  Thus, substantial evidence supports the Academy's finding that Cosby engaged in misconduct by *willfully* "provid[ing] incorrect or incomplete statements."  *See* S.C. Code Regs. § 37-026(A)(4)(h) (Supp. 2021) (defining "misconduct" as "willfully mak[ing] false, misleading, incomplete, deceitful, or incorrect statement(s) to a law enforcement officer").

2.  As to whether the Academy applied the wrong legal standard for willfulness when it found that Cosby engaged in misconduct, we find no reversible error.  *See Amisub of S.C., Inc. v. S.C. Dep't of Health & Env't Control*, 424 S.C. 80, 104, 817 S.E.2d 633, 646 (Ct. App. 2018) ("Generally, appellate courts will not set aside judgments due to insubstantial errors not affecting the result." (quoting *Judy v. Judy*, 384 S.C. 634, 646, 682 S.E.2d 836, 842 (Ct. App. 2009))); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision[,] or judgment upon any ground(s) appearing in the Record on Appeal.").

3.  We find substantial evidence supports the ALC's finding that the Academy's decision to permanently withdraw Cosby's law enforcement certification was not "arbitrary or capricious or characterized by [an] abuse of discretion" because such a sanction was authorized under regulation 37-026(A)(4) of the South Carolina Code of Regulations (Supp. 2021).  *See* S.C. Code Ann. § 1-23-380(5)(e)-(f) (Supp. 2021) (stating this court should affirm the ALC's decision if it is supported by substantial evidence but may reverse if the ALC's decision is "arbitrary or

capricious or characterized by [an] abuse of discretion"); *Wyndham Enterprises, LLC v. City of N. Augusta*, 401 S.C. 144, 151, 735 S.E.2d 659, 663 (Ct. App. 2012) (stating a decision is arbitrary and capricious when it is "not supported by competent, substantial, and material evidence, and [i]s based on opinion and speculation testimony"); Regs. § 37-026(A)(4) ("A law enforcement officer . . . shall have his or her certification . . . withdrawn . . . [when there is e]vidence satisfactory to the [Academy] that the officer has engaged in misconduct."); *Deese v. S.C. State Bd. of Dentistry*, 286 S.C. 182, 185, 332 S.E.2d 539, 541 (Ct. App. 1985) (finding a five-year suspension of a dentist's license was not arbitrary or capricious because suspension was authorized as a possible sanction under South Carolina law).

We also find substantial evidence supports the ALC's finding that the Academy's failure to consider the alleged mitigating circumstances was not "arbitrary or capricious or characterized by [an] abuse of discretion" because the Academy was not required to consider the mitigating circumstances. *See* Regs. § 37-026(A)(4) (stating the Academy "*may* consider . . . any mitigating circumstances" when "considering whether to withdraw certification based on misconduct" (emphasis added)); *Kosciusko v. Parham*, 428 S.C. 481, 498, 836 S.E.2d 362, 371 (Ct. App. 2019) ("The use of the word 'may' signifies permission and generally means that the action spoken of is optional or discretionary unless it appears to require that it be given any other meaning in the present statute." (quoting *Kennedy v. S.C. Ret. Sys.*, 345 S.C. 339, 352-53, 549 S.E.2d 243, 250 (2001))).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.