**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Pacaso, Inc. and 2 SC Lighthouse, LLC, Appellants,

v.

Town of Sullivan's Island, South Carolina; Town of Sullivan's Island Board of Zoning Appeals; and Charles Drayton, in his official capacity as Zoning Administrator; Respondents.

Appellate Case No. 2024-000134

———————

Appeal From Charleston County
Bentley Price, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-078
Submitted November 4, 2025 – Filed February 18, 2026

———————

**REVERSED**

———————

Ross A. Appel, of McCullough Khan, LLC, of Mount Pleasant, for Appellants.

George Trenholm Walker, James Whittington Clement, and John Phillips Linton, Jr., all of Walker Gressette & Linton, LLC, of Charleston, for Respondents.

_____

**WILLIAMS, C.J.:**  In this civil matter, Pacaso, Inc. (Pacaso) and 2 SC Lighthouse, LLC (SC Lighthouse) (collectively, Appellants) appeal the circuit court's order affirming the findings of the Town of Sullivan's Island (the Town) Board of Zoning Appeals (the BZA) and the Town of Sullivan's Island Zoning Administrator (the Zoning Administrator), which found Pacaso to be in violation of the Town's zoning ordinance.

Appellants argue the circuit court erred in affirming the BZA because SC Lighthouse does not use the Property as a vacation rental.  Appellants contend the BZA made an error of law in construing the zoning ordinance and, therefore, the circuit court abused its discretion in affirming this erroneous construction.  We agree.

Initially, we hold the circuit court erred in affirming the BZA's determination as a factual finding.  "[I]ssues involving the construction of an ordinance are reviewed as a matter of law under a broader standard of review than is applied in reviewing issues of fact." *Boehm v. Town of Sullivan's Island Bd. of Zoning Appeals*, 423 S.C. 169, 184, 813 S.E.2d 874, 881 (Ct. App. 2018) (alteration in original) (quoting *Helicopter Sols., Inc. v. Hinde*, 414 S.C. 1, 9, 776 S.E.2d 753, 757 (Ct. App. 2015)).  "Although great deference is accorded the decisions of those charged with interpreting and applying local zoning ordinances, a broader and more independent review is permitted when the issue concerns the construction of an ordinance." *Id.* (quoting *Hinde*, 414 S.C. at 9–10, 776 S.E.2d at 757).  Further, "[t]his deferential standard of review does not mean a zoning board can never be reversed." *Id.*

"The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature." *Hinde*, 414 S.C. at 10, 776 S.E.2d at 758 (quoting *Mikell v. County of Charleston*, 386 S.C. 153, 160, 687 S.E.2d 326, 330 (2009)).  "When interpreting an ordinance, the legislative intent must prevail if it can be reasonably discovered in the language used." *Id.* (quoting *Mikell*, 386 S.C. at 160, 687 S.E.2d at 330).  "This court is prohibited from writing into an ordinance language restricting property rights to a greater degree than intended by the legislative body." *Id.* at 13, 776 S.E.2d at 759.

Article XIII, Section 21-117 of the Town's Zoning Ordinance (the Zoning Ordinance) provides: "Vacation Rentals are *prohibited uses* on Sullivan's Island. Nothing in this Ordinance shall be construed to permit any Principal Building or other structure to be used as a Vacation Rental. All legally established Vacation Rentals are interpreted to be Nonconforming Uses." (emphasis added).

Article XXI, Section 21-203 defines a Vacation Rental as "The *commercial use* of a Principal Building(s) that is: (1) rented, leased, assigned tenancies; or (2) made available for use, occupancy, possession, sleeping accommodations, or lodging for one or more persons *in return for valuable consideration* for any period of less than twenty-eight (28) continuous days duration." (emphases added).

In construing these sections of the Zoning Ordinance, we find the BZA improperly determined SC Lighthouse's ownership structure involved operating the Property as a prohibited vacation rental.[1] Here, SC Lighthouse owns the Property; SC Lighthouse is comprised of a maximum of eight membership shares, and the owners of these membership shares possess at least a one-eighth-interest of the Property. These co-owners of SC Lighthouse and the Property contract with Pacaso to manage the Property. Under the service contract, each owner of SC Lighthouse pays Pacaso a management fee of $99 per month. This fee covers arrangements for landscapers, cleaners, etc. and the use of Pacaso's "SmartStay" scheduling system, which enables the co-owners to schedule and communicate, in real time, when they plan to use the Property. Only one co-owner and his or her guests can use the Property at one time. Pacaso facilitates equitable scheduling among the co-owners by placing a stay limitation of between two and fourteen nights at one time per one-eighth share. Owners who possess more than one membership share in SC Lighthouse may schedule longer stays at the Property. The co-owners of SC Lighthouse do not pay Pacaso or any other entity to stay at the Property, and the Property is not advertised on any rental platforms. Although Pacaso unites various owners together in a specific property, it retains no ownership interest in the properties after the sale of all shares. Rather, the pooled

---

[1] The Town puts forth no evidence of rental advertisements or contracts by SC Lighthouse or Pacaso for use of the Property; of SC Lighthouse members paying for individual stays at the Property; or of persons other than the co-owners and their guests using the Property. The Town also bases its allegations on generic information available on Pacaso's website. Similarly, Appellants rely on statements from their counsel as to the arrangement between SC Lighthouse and Pacaso, rather than putting forth the actual management contract between Pacaso and SC Lighthouse or the operating agreement for SC Lighthouse.

co-owners contract Pacaso to aid in managing the upkeep of the property, as in this instance. Thus, we find SC Lighthouse's method of ownership, while uncommon in the Town, does not constitute commercial use of the Property for accommodations in return for valuable consideration. Only the owners and their guests ever use the Property, and the owners do not pay to stay at their own property. Therefore, we hold the BZA improperly construed the Zoning Ordinance as prohibiting this type of time-share arrangement. Accordingly, the circuit court improperly affirmed the BZA.

Appellants additionally argue the circuit court erred in affirming the BZA's determination that SC Lighthouse's use of the Property violated the RS District Zoning Ordinance. We agree the circuit court abused its discretion by affirming this determination by the BZA because the BZA did not have appellate jurisdiction to consider this issue.[2] In his administrative determination finding SC Lighthouse in violation of the Zoning Ordinance, the Zoning Administrator *exclusively* addressed improper use of the Property as a vacation rental and never mentioned the RS Zoning Ordinance. Thus, it was improper for the BZA to expand the scope of the appeal.

**REVERSED.**[3]

**CURTIS, J., concurs.**

**THOMAS, J., dissenting:** With deep respect for my colleagues in the majority, I dissent. As an initial matter, I disagree with the majority's holding that the circuit court erred in affirming the BZA's determination as a factual finding. I find the Zoning Administrator and BZA made factual findings here, not legal conclusions

---

[2] We note Appellants conflate subject matter jurisdiction and appellate jurisdiction, asserting the BZA did not have subject matter jurisdiction to consider the RS District Zoning Ordinance. However, the BZA undeniably has subject matter jurisdiction to consider violations of such an ordinance; rather, in this instance, the BZA lacked jurisdiction as the appellate body because the Zoning Administrator made no findings as to the RS-Single Family District Ordinance. *See Allison v. W.L. Gore & Assocs.*, 394 S.C. 185, 188, 714 S.E.2d 547, 549 (2011) (providing that administrative agencies have subject matter jurisdiction to review administrative decisions of their officials and clarifying that "the question of compliance with rules, regulations, and statutes governing an appeal is one of appellate jurisdiction").

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.

as Appellants argue.  The decision by the BZA, as affirmed by the circuit court, did not concern the meaning of any ordinance and it did not create definitions for any undefined term.  The Zoning Ordinance is neither vague nor unclear, and Appellants concede they are not challenging the ordinance.  The BZA's decision focused on the facts surrounding the use of the Property, not on the meaning of the ordinance, and "[a] determination by a zoning board that a particular purpose or activity does or does not constitute a 'use' is a finding of fact." *Heilker v. Zoning Bd. of Appeals for City of Beaufort*, 346 S.C. 401, 552 S.E.2d 42, 48 (Ct. App. 2001).  Here, the Zoning Administrator, the BZA, and the circuit court evaluated whether the Property was illegally operating as a "vacation rental" pursuant to the Zoning Ordinance.  This was reiterated in the circuit court's order, which explicitly stated, "The Court finds that ample evidence in the record on appeal supports the BZA's factual determination that the use of the Property under the Pacaso program fits into the above definition of Vacation Rental."  Thus, I find Appellants incorrectly characterize the decisions as legal conclusions, and I disagree with the holding in the majority.

Appellants raise an additional ground for reversal and argue Respondents' "interpretation" of the Zoning Ordinance effectively regulates the ownership of real property—not its use—which is a power local governments lack in South Carolina. I disagree.  I find the record makes clear that the decisions of the Zoning Administrator, the BZA, and the circuit court were based on the impermissible use of the Property as a vacation rental, not on who or what entity owned the Property. From the outset, it was made clear that the violation was based on use.  In the Zoning Administrator's letter, he prefaced, "If you believe that I as the Zoning Administrator have made an error in my determination that your use of [the Property] . . . is in violation of [the Zoning Ordinance]" and then explained the appeals process.  Likewise, the BZA order repeatedly emphasized the improper use as grounds for denial and explained "usage of [the Property] falls under the definition of vacation rental" per the Zoning Ordinance.  Finally, the circuit court reiterated the violation was based on use when it stated, "The Appellants initiated this action under S.C. Code § 6-29-820 to appeal the final decision of [the BZA] regarding the use of the Property."

Next, the majority holds, "In construing these sections of the Zoning Ordinance, we find the BZA improperly determined the ownership structure involved operating the Property as a prohibited vacation rental."  I disagree and find the Zoning Administrator, the BZA, and the circuit court were all correct in finding the Property was impermissibly operating as a vacation rental.  The BZA order, affirmed by the circuit court, held the Property was a vacation rental because it: (1)

assigned tenancies, (2) was made available for use in exchange for valuable consideration, and (3) imposed stay limitations for a period of less than 28 days. I find support for each of these findings within the record. First, the assigned tenancies were established through the Property's one-eighth ownership structure and strict requirements for how and when a co-owner may book their stay. Although the Operating Agreement was never provided in full, a portion in the record states, "Owners have engaged [Pacaso] to coordinate fair and equitable usage of the [Property] amongst the Owners. [Pacaso] shall have the right to establish and alter the system by which usage rights and reservations are allocated among the Owners." Next, in addition to fees for management services and membership in the LLC, co-owners of the Property must pay Pacaso $99 per month to utilize the scheduling software, SmartStay. If an owner does not pay the $99, they are prohibited from using the Property. I find this constitutes "valuable consideration" for use of the Property. Finally, under the Pacaso structure, owners may only schedule stays for up to fourteen days, with some exceptions based on the number of shares they own. I find no abuse by the circuit court and would affirm.

Finally, the majority holds:

> Appellants additionally argue the circuit court erred in affirming the BZA's determination that the use of the Property violated the RS District Zoning Ordinance. We agree the circuit court abused its discretion by affirming this determination by the BZA because the BZA did not have appellate jurisdiction to consider this issue. In his administrative determination finding SC Lighthouse in violation of the Zoning Ordinance, the Zoning Administrator *exclusively* addressed improper use of the Property as a vacation rental and never mentioned the RS Zoning Ordinance. Thus, it was improper for the BZA to expand the scope of the appeal.

I disagree. The RS-Single Family Residential District is contained within the overall Zoning Ordinance as Article III. The Property is located within this district; therefore, it is governed by the rules and regulations outlined by Article III. In his letter, the Zoning Administrator cited Article XXI section 21-203, defining vacation rental, and Article XIII, Vacation Rentals, which codified the prohibition of vacation rentals on Sullivan's Island. At the BZA hearing, the Zoning Administrator explained the Property was in violation of both Articles XIII

and III. He maintained the Property violated Article III, section 21-19(A), intent, and Article III, section 21-20(D), prohibited uses. Appellants had an opportunity to rebut this argument at the hearing but instead claimed "intent and spirit are irrelevant to this dispute." Now, they fail to provide support for the proposition that the BZA is precluded from considering the entire Zoning Ordinance in its review of the Zoning Administrator's decision. In fact, "[t]he Board of Zoning Appeals exercises substantial power in its review of Zoning Administrators' decisions. Few restrictions encumber the scope of the Board's authority." *Clear Channel Outdoor v. City of Myrtle Beach*, 360 S.C. 459, 465, 602 S.E.2d 76, 79, (Ct. App. 2004), *aff'd*, 372 S.C. 230, 642 S.E.2d 565 (2007). Additionally, by statute, the BZA may "reverse or affirm, wholly or in part, or may modify the order, requirements, decision, or determination, and to that end, has all the powers of the officer from whom the appeal is taken and may issue or direct the issuance of a permit." S.C. Code Ann. § 6-29-800(E) (Supp. 2025). The BZA unanimously affirmed the Zoning Administrator's decisions and provided an additional affirming ground: violation of Article III, sections 21-19 and 21-20. Further, this additional affirming ground was rooted in the intent of the Zoning Ordinance to ensure the neighborhood remained single-family and residential only. I do not agree that because the Zoning Administrator did not specifically name each article and subsection of the Zoning Ordinance in his letter, the BZA lacked jurisdiction to consider the Zoning Ordinance in its entirety. This directly contradicts South Carolina law, which urges courts to read provisions as a whole, not in isolation. *See City of Columbia v. Niagara Fire Ins. Co.*, 249 S.C. 388, 391, 154 S.E.2d 674, 676 (1967) ("The true guide to statutory construction is not the phraseology of an isolated section or provision, but the language of the statute as a whole considered in the light of its manifest purpose.") Here, the Zoning Ordinance explicitly outlines its intent, and it seems highly unlikely a court would be barred from considering this explicit, written intent and, thus, the Zoning Ordinance as a whole, solely because its specific subsection was not named. *See Mikell v. County of Charleston*, 386 S.C. 153, 160, 687 S.E.2d 326, 330 (2009) ("The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature."); *id.* ("When interpreting an ordinance, the legislative intent must prevail if it can be reasonably discovered in the language used."). Considering this directive and the BZA's broad authority, I find no abuse of discretion by the circuit court.[4] Based on the foregoing, I would affirm.

---

[4] As to Appellants' argument that the circuit court committed an abuse of discretion by denying Appellant's motion to supplement the record with an email from the Zoning Administrator, I find no abuse of discretion. Appellants presented the

email prior to the hearing in front of the circuit court, and the court found it was moot because it had already determined the Property was operating in violation of the ordinance. The circuit court also stated that even if it did consider the email, its ultimate conclusion would remain the same. Notably, this argument contradicts Appellants' argument that the BZA lacked jurisdiction and improperly expanded the scope of the appeal by considering Article III of the Zoning Ordinance because it was not named in the Zoning Administrator's letter. As previously addressed, the BZA has substantial power in reviewing a Zoning Administrator's decision. The circuit court, on the other hand, is prohibited from considering new evidence. *See* S.C. Code Ann. § 6-29-840(A) (Supp. 2025) ("The findings of fact by the board of [zoning] appeals must be treated in the same manner as a finding of fact by a jury, and the [circuit] court may not take additional evidence.")